LILLIAN S. HARRELL, EXECUTRIX OF THE ESTATE OF LOUIS F. HARRELL, DECEASED, EMPLOYEE, PLAINTIFF v. J. P. STEVENS & COMPANY, INC. EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8110IC254

(Filed 17 November 1981)

1. **Master and Servant § 68— noncompensable heart disease causing total incapacity—denial of claim proper**

    The Commission was justified in finding that the claimant failed to prove disability resulting from an occupational disease where there was evidence that plaintiff's noncompensable heart disease in itself and absent any occupational disease was sufficient to cause total incapacity for work.

Harrell v. Stevens & Co.

**2. Master and Servant § 94.4— rehearing by Commission—refusal to receive new evidence**

According to G.S. 97-85, it is within the Commission's discretion whether to receive further evidence, and absent a showing of abuse of discretion, the appellate court will not review the Commission's decision.

APPEAL by plaintiff from the North Carolina Industrial Commission opinion and award of 29 September 1980. Heard in the Court of Appeals 15 October 1981.

On 19 July 1976, plaintiff (now deceased) filed notice of an accident and claim with the Industrial Commission alleging that his exposure to cotton dust for thirty-seven years prior to 28 June 1976 had caused him to contract an occupational disease, byssinosis, which rendered him totally permanently disabled.

On 19 June 1978, a Deputy Commissioner denied plaintiff's claim. She entered an opinion and award concluding that plaintiff's total disability arose from a heart condition unrelated to his employment. The Full Commission affirmed the denial on 15 December 1978 by a 2-1 decision. Plaintiff then appealed to this Court pursuant to G.S. 97-86. *Harrell v. Stevens & Co.*, 45 N.C. App. 197, 262 S.E. 2d 830 (1980).

After a review of the testimony presented at the Commission hearing, the Court listed the findings of fact made by the Deputy Commissioner. The Court concluded that the Commission had failed to make sufficient definitive findings to determine the critical issues raised. The opinion highlighted Finding of Fact No. 15 in which one doctor's testimony was said to have been discounted. The opinion emphasized that the Commission's function was to consider *all* of the evidence. *West v. Stevens*, 6 N.C. App. 152, 156, 169 S.E. 2d 517, 519 (1969).

On remand, the Deputy Commissioner again denied plaintiff's claim. Except for the portions we now set out in brackets, the findings are identical to those made in the earlier award as reported in *Harrell, supra,* at 202-204, at 833-35, and all of them need not be repeated here.

### "Findings of Fact

. . .6. In September, 1972, decedent complained to Dr. Brown of a cough. Dr. Brown's impression was that decedent had an

acute respiratory infection. The condition responded to treatment and in December, 1972, the condition had cleared.

From that time until 1974, decedent would have flare-ups of acute bronchitis treated by Dr. Brown.

[From competent credible evidence, the undersigned finds that until 1974, decedent's respiratory difficulties were *acute* in nature and were not *chronic* as is characteristic of a patient who is developing byssinosis.]

9. On July 26, and again on August 12, 1976, plaintiff was examined by Dr. M. K. Topolosky, a pulmonary medicine specialist at Duke University Medical Center. Decedent's complaints were shortness of breath and chest pains and he gave Dr. Topolosky a history indicating that he had these problems both in and out of the work environment. Dr. Topolosky was of the opinion that decedent had moderate to severe chronic obstructive pulmonary disease, but that his major disabling factor was his heart.

[From competent credible evidence, the undersigned finds that as of August 12, 1976, decedent's disabling condition was as a result of heart condition.]

15. Decedent saw Dr. Kunstling of Raleigh on the order of the Industrial Commission on June 30, 1977. [Dr. Kunstling is one of the so-called "panel" of experts who are especially designated to seek referral of byssinosis claims. Dr. Kunstling's expertise is well-recognized in this field.

History in diagnosing a case of byssinosis is obviously important as indicated by Dr. Kunstling. The history the decedent gave to Dr. Kunstling on which he based his diagnosis of byssinosis is in conflict with complaints that decedent gave contemporaneously to Drs. Brown, Maddrey, Whalen, and Topolosky. Decedent saw Dr. Kunstling for the purpose of evaluating a claim he had made that he had contracted byssinosis in his employment with defendant employer. Decedent's evaluation by these other Doctors was done at the time of decedent's illnesses and presumably he was giving an accurate history of his problems. Because decedent's respiratory problems were acute rather than chronic in nature, because the smoking history he gave Dr. Kunstling

was found to be erroneous by the undersigned from competent credible evidence, because the seriousness of decedent's heart condition and its possible effect as well as the effect of obesity upon his breathing problems is [sic] found to be much more serious than decedent related to Dr. Kunstling, the undersigned attaches very little weight to Dr. Kunstling's diagnosis of byssinosis in this case. The Doctor based his diagnosis upon a certain history which he was given by the decedent. When the underpinnings of that history are eroded away by other evidence in the case, then the opinion that decedent had byssinosis is also eroded away.

[In weighing all of the evidence in the record as a whole and with the findings as before mentioned in this case, the undersigned ataches very little weight to Dr. Kunstling's diagnosis in this particular case.]

16. Decedent's total disability is a result of his heart condition. Decedent's heart condition is unrelated to decedent's exposure to cotton dust and lint in his employment.

17. Decedent has failed to carry his burden of proof that he is disabled as a result of an occupational disease arising out of and in the course of his employment with defendant employer.

### Conclusion of Law

Decedent does not suffer from an occupational disease arising out of and in the course of his employment with defendant employer."

Plaintiff appealed to the Full Commission and moved for rescission of the opinion and award and an opportunity to present additional evidence. By its order filed 29 September 1980, the Commission affirmed the deputy's award and denied plaintiff's motions.

*Hassell and Hudson, by Charles R. Hassell, Jr., for plaintiff appellant.*

*Maupin, Taylor and Ellis, by Richard M. Lewis and David V. Brooks, for defendant appellees.*

VAUGHN, Judge.

Plaintiff's appeal challenges the sufficiency of evidence to support a denial of his claim to compensation. We hold there is sufficient evidence to support the Commission's order.

We note at the outset that provisions of North Carolina's Administrative Procedure Act do not govern awards of the Industrial Commission. G.S. 150A-1(a). The applicable scope of review is found in G.S. 97-86: "[A]n award of the Commission . . . shall be conclusive and binding as to all questions of fact; but either party to the dispute may . . . appeal from the decision of said Commission to the Court of Appeals for errors of law. . . ."

Our responsibility is twofold. We must first determine whether the Commission's findings are supported by any competent evidence. We must then determine whether the legal conclusions are justified by those findings. *Buck v. Proctor & Gamble Co.*, 52 N.C. App. 88, 278 S.E. 2d 268 (1981).

On review, we are not triers of fact. The Industrial Commission has the exclusive duty and authority to find facts related to the disputed claim. Such findings are conclusive on appeal when supported by *any* competent evidence, even where there is plenary evidence which would permit a contrary finding. *Morrison v. Burlington Industries*, 301 N.C. 226, 271 S.E. 2d 364 (1980); *Buck v. Proctor & Gamble Co., supra.*

In the present cause, plaintiff excepts to Findings of Fact Nos. 3, 6, 9, 15, 16 and 17. In all material respects, however, we find that all of them can be grounded in the degree credence the Deputy Commissioner elected to give the evidence presented.

The ultimate findings of fact appear to be Nos. 9, 16 and 17 which address the critical issue of disability in 1976. Finding No. 9 is that decedent's disabling condition, as of 12 August 1976, was a result of his heart. We find competent medical evidence to support such a finding. Dr. Robert E. Whalen, Director of the Cardiovascular Disease Service at Duke Hospital, diagnosed plaintiff as having Class III Angina from February 1975 to July 1976. A Class III Angina patient is somewhat limited in activity by pain. Beginning in July 1976 and through November 1976, plaintiff had Class IV Angina. Class IV indicates that plaintiff was generally incapacitated by pain. In a letter dated 19 August 1976, Dr.

Topolosky, a pulmonary medicine specialist, stated that plaintiff's main problem was his cardiovascular disease: "His COPD [chronic obstructive pulmonary disease] is a contributing factor, but he would have to be declared a functional Class III cardiac patient." On a report sent to the Social Security Administration, Dr. Topolosky declared plaintiff disabled due to his cardiac status.

We also find sufficient medical evidence to support Finding No. 16 that plaintiff's total disability arose from a heart condition. In December of 1976, Dr. Maddrey turned over plaintiff's treatment to Dr. Brown. Dr. Brown testified that in January 1977, he diagnosed plaintiff's shortness of breath and chest pains as symptoms of his heart disease. He further stated, "Mr. Harrell has had a heart condition with angina since 1969. The first heart attack . . . would have been when he was at Durham a year ago. In my opinion, Mr. Harrell is disabled certainly because of a heart disease as a primary reason." Dr. Topolosky examined plaintiff on 4 November 1976. In his opinion, plaintiff's main problem was his cardiovascular disease. Dr. Whalen, after reviewing a 12 November 1976 evaluation report and other test results, concluded that plaintiff's heart condition rendered him 100% disabled.

Plaintiff concedes the existence of a disabling nonoccupational heart condition. He notes, however, that every doctor who testified also diagnosed the presence of chronic obstructive pulmonary disease. He argues that if he suffers from a compensable injury, he should not be completely deprived of compensation merely because there also exists an independent, concurrent, noncompensable cause of disability. *Daugherty v. Watts*, Ky., 419 S.W. 2d 137 (1967). A recent decision by the Supreme Court addresses plaintiff's argument:

> "When a pre-existing, nondisabling, non-job-related condition is aggravated or accelerated by an accidental injury arising out of and in the course of employment or by an occupational disease so that disability results, then the employer must compensate the employee for the entire resulting disability even though it would not have disabled a normal person to that extent. On the other hand, when a pre-existing, non-disabling, non-job-related disease or infirmity eventually causes an incapacity for work *without any aggravation or acceleration* of it by a compensable accident or by an occupational disease, the resulting incapacity so caused *is not compensable. . . .*" (Emphasis added.)

*Morrison v. Burlington Industries,* 304 N.C. 1, --- S.E. 2d ---
(1981). In this cause, there is evidence that plaintiff's noncompen-
sable heart disease *in itself* and absent any occupational disease,
was sufficient to cause total incapacity for work. Where a non-
compensable injury causes 100% disability without any aggrava-
tion or contribution by a compensable injury, the Commission is
justified in finding that the claimant has failed to prove disability
resulting from an occupational disease.

Plaintiff argues that the Commission failed to follow the man-
date of the Court of Appeals in *Harrell* to "consider all the
evidence, make definitive findings and proper conclusions
therefrom, and enter the appropriate order." This cause was
originally remanded because the Deputy Commissioner totally dis-
counted testimony by Dr. Kunstling, a pulmonary medicine
specialist, which was favorable to plaintiff. Finding of Fact No. 15,
however, indicates that on remand the deputy did consider his
testimony. In choosing to give Dr. Kunstling's diagnosis little
weight, she exercised her prerogative to believe all or part or
none of the evidence presented. As this Court stated, "[c]ontradic-
tions in the evidence go to its weight, and the Commission may
consider any such inconsistencies in weighing the testimony of
Dr. Kunstling and, equally, in weighing the testimony of the other
experts." *Harrell v. Stevens & Co.,* 45 N.C. App. at 206, 262 S.E.
2d at 835.

[2] Plaintiff contends the Commission erred in denying his mo-
tion to rescind the 3 June 1980 opinion and award and to take
new evidence. According to G.S. 97-85, it is within the Commis-
sion's discretion whether to receive further evidence. The opinion
and award of the Full Commission, filed on 29 September 1980,
states: "It is the opinion of the undersigned that counsel for plain-
tiff has brought to the Industrial Commission neither argument
nor evidence that justifies granting plaintiff the relief sought." In
the absence of a showing of abuse of discretion, we will not
review the Commission's decision. *Lynch v. Construction Co.,* 41
N.C. App. 127, 254 S.E. 2d 236 (1979).

We further conclude that on remand the Commission did
make definitive findings on the critical issues. Mere recitals of
medical opinion are not sufficiently specific to enable a reviewing
court to judge the propriety of the Commission's order, and

therefore cannot properly form the basis for the conclusion of law as to compensation. *Moore v. Stevens & Co.*, 47 N.C. App. 744, 269 S.E. 2d 159 (1980); *Gaines v. Swain & Son, Inc.*, 33 N.C. App. 575, 235 S.E. 2d 856 (1977). As we have previously indicated, on remand, the Deputy Commissioner made essentially the same findings of fact as in the earlier opinion. Findings Nos. 3-14 are largely a narration of testimony given by medical experts. The additional findings, however, are more than mere recitals of opinions of the medical experts. The Deputy Commissioner made definite findings as to the nature of plaintiff's disabling disease.

In summary, the employee's entitlement to compensation is not grounded in disability. The employee must carry the burden of convincing the trier of the facts that his disability was caused by a compensable injury or disease. It is not disputed that the employee suffered physical impairment from an obstructive pulmonary disease. The Commission found, however, that his disability — his lack of ability to continue as a member of the work force — was caused by his heart disease. That finding finds support in the record. We cannot reverse just because there is evidence in the record that might have persuaded us, if we were triers of the facts, to reach a contrary result. The award is

Affirmed.

Judges HILL and WHICHARD concur.