ARCHIE P. WEST, EMPLOYEE, PLAINTIFF v. BLADENBORO COTTON MILLS, INC., EMPLOYER, AND AMERICAN INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8210IC450

(Filed 17 May 1983)

1. Master and Servant § 95— workers' compensation—proper appeals

In a workers' compensation proceeding in which the Industrial Commission ordered defendants to pay a certain amount to plaintiff prior to the time defendants appealed the award and subsequent to the time plaintiffs appealed the Industrial Commission decision, neither party's right to be heard before the appellate court was lost since defendant made payment pursuant to a legal order rather than pursuant to negotiations between the parties. G.S. 97-86; G.S. 97-86.1.

2. Master and Servant § 94.1— workers' compensation—insufficiency of findings and conclusions

A workers' compensation case must be remanded to the Commission since the Commission did not determine whether plaintiff's earning capacity has or has not been diminished as a consequence of an occupational disease, since the statutory basis for compensation was not specified, since the Commission was mistaken in stating, as a stipulation, the amount of plaintiff's average weekly wage, and since the Commission failed to rule on plaintiff's motion for attorneys' fees.

APPEAL by plaintiff and cross-appeal by defendants from the opinion and award of the Industrial Commission entered 23 November 1981. Heard in the Court of Appeals 10 March 1983.

Plaintiff had worked about thirty-five years for the defendant Bladenboro Cotton Mills. He has a fifth grade education and no significant training outside the cotton textile industry. A non-smoker, his employment with the cotton mill exposed him daily to high levels of cotton dust. When the plant closed down in 1979, he sought work with other textile companies in the area, but none of them, including Highland Yarns, which took over the defendant's Bladenboro plant, would hire him because pulmonary testing showed that his lungs were impaired.

After hearing the evidence, including medical testimony as to plaintiff's condition and its cause, the Deputy Commissioner found that plaintiff's long exposure to cotton dust in defendant's factory caused him to acquire the occupational disease byssinosis, that as a consequence thereof plaintiff has suffered permanent partial loss of respiratory function, that continuing bronchodilator treatments would "tend to lessen his disability," and awarded plaintiff $6,000.

Upon appeal, the Deputy Commissioner's findings, conclusions, and award were adopted by the Full Commission, and after certain developments referred to in the opinion, both parties appealed to this Court.

*Hassell, Hudson & Lore, by R. James Lore, for the plaintiff appellant.*

*Teague, Campbell, Conely & Dennis, by C. Woodrow Teague and George W. Dennis, III, for defendant appellees.*

PHILLIPS, Judge.

Each party contends that the other's appeal should have been dismissed by the Industrial Commission. But the following chronology shows that both motions were properly denied and that both appeals are properly before us:

On 23 November 1981, the Full Industrial Commission made its award and opinion, notice of which was received by plaintiff on 27 November 1981 and by defendants on 3 December 1981. On 9

December, defendants paid the $6,000 awarded. On 23 December 1981, plaintiff appealed to this Court, not about the $6,000, but about the Commission's failure to award total disability benefits under G.S. 97-29, and on the same day the Industrial Commission ordered the defendants, who had not then appealed, to pay the $6,000, since it was not involved in the plaintiff's appeal. On Monday, 4 January 1982, defendants gave notice of appeal, which was timely under G.S. 97-86 and Rule 27(a), Rules of Appellate Procedure, since the 30th day from the entry of the award was Saturday, January 2, 1982, and the notice was filed the first business day thereafter. Four days later the Industrial Commission rescinded its order requiring defendants to pay the $6,000.

[1] In substance, plaintiff contends that defendants, by paying the $6,000, waived their right of appeal, and defendants claim that by accepting the $6,000, plaintiff did likewise. Neither contention has merit. Payment was made in compliance with an award that plaintiff had not then appealed from; and, obviously, the order directing payment was entered without knowledge that the defendants had already paid the $6,000 and that their time for appealing had not expired. At the time the defendants paid the $6,000, they were under a legal duty to pay it, but when defendants exercised their appeal rights, that duty ceased, at least for a time; and since the payment was made and received pursuant to a legal order, rather than negotiations between the parties, it was not binding on either as an accord and satisfaction, settlement, waiver, or otherwise. And, of course, in rescinding the earlier order, improvidently and mistakenly entered, the Commission did the proper and necessary thing. Under the circumstances, therefore, neither party's right to be heard here has been lost, waived, or bargained away. This holding is in accord with both the letter and spirit of G.S. 97-86, which relieves employers from paying awards while they are being contested on appeal, and G.S. 97-86.1, which authorizes the Commission to require that awards not involved in an appeal be paid before the other issues raised by the appeal are decided.

For different reasons, both plaintiff and defendants contend that the Industrial Commission erred in determining what to award plaintiff. Since the opinion does not state the statutory base for the award, approaching this question is rather awkward. We assume, however, that since the award is for permanent lung

damage done by an occupational disease, it is based on G.S. 97-31(24), which authorizes compensation up to $10,000 "in case of the loss of or permanent injury to any important external or internal organ or part of the body for which no compensation is payable under any other subdivision of this section." Defendants maintain that the payments were erroneously directed because (1) G.S. 97-31(24) does not cover occupational diseases, and (2) the requisite loss of earning capacity has not been proved. In contrast, plaintiff argues that permanent loss of earning capacity has been established and that he is entitled to compensation therefor under G.S. 97-29, in addition to the lung damage award already received.

[2] Each party's contentions on this point are unsound, at least in part, and whether either's contentions are partially sound depends upon findings and conclusions that the Commission has yet to make. Occupational diseases, including byssinosis, are compensable under the Workers' Compensation Act when they result in disability. G.S. 97-52 and 97-53(13). Compensation may be awarded for permanent total or partial disability, G.S. 97-29 and 97-30, or for disability because of injury (or occupational disease) under the schedule of injuries. G.S. 97-31. But before compensation can be awarded under any of these statutes, disability must exist. G.S. 97-2(9) defines "disability" as "incapacity to earn the wages which the employee was receiving at the time of injury in the same or any other employment." A finding of disability is not recorded, although the word "disability" is incidentally used in the opinion and award, and evidence was presented which indicated that plaintiff was not hired by certain cotton mills because of his respiratory impairment. The findings that plaintiff contracted an occupational disease that has permanently damaged his lungs are abundantly supported by the evidence, and therefore cannot be disturbed. But since the Commission has not yet determined, as far as we can tell, whether plaintiff's earning capacity has or has not been diminished as a consequence of the occupational disease, the matter must be remanded to the Commission for such further findings and conclusions as are necessary to fully determine the rights and duties of the parties. *Brice v. Robertson House Moving, Wrecking and Salvage Company,* 249 N.C. 74, 105 S.E. 2d 439 (1958).

Upon remand, if the Commission finds plaintiff has a disability because of the occupational disease, then the statutory basis

for compensation should be specified. An award for damage to the lungs may be made under G.S. 97-31(24). In *Priddy v. Cone Mills Corp.*, 58 N.C. App. 720, 294 S.E. 2d 743 (1982) and in *Hundley v. Fieldcrest Mills*, 58 N.C. App. 184, 292 S.E. 2d 766 (1982), the plaintiff was awarded benefits under G.S. 97-31(24) for lung damage due to occupational disease. But such an award, by the express terms of the statute, would be in lieu of all other compensation. *Perry v. Furniture Co.*, 296 N.C. 88, 249 S.E. 2d 397 (1978). Such an award may also be based on G.S. 97-29, as has been done in many other reported cases involving byssinosis disability. *See, e.g., Smith v. American & Efird Mills*, 305 N.C. 507, 290 S.E. 2d 634 (1982); *Robinson v. J. P. Stevens*, 57 N.C. App. 619, 292 S.E. 2d 144 (1982). In many instances, an award under G.S. 97-29 better fulfills the policy of the Workers' Compensation Act than an award under G.S. 97-31 because it is a more favorable remedy and is more directly related to compensating inability to work. *See,* 2 Larson Workmen's Compensation Law § 58.23 (1982). And, of course, as to any award that is finally made, the defendants will be given credit for whatever has been paid pursuant to the first award.

It also appears that in stating, as a stipulation, that plaintiff's average weekly wage was $144.27, the Commission was mistaken, and that the Commission has not ruled on plaintiff's motion for attorney's fees dated 10 March 1981. The stipulation was to a wage chart, rather than an average weekly wage, and if it becomes necessary to calculate his wage, it should be done in the manner specified in G.S. 97-2(5). Also, the plaintiff's motion for attorney's fees should be ruled on as provided in G.S. 97-88.1.

For the reasons stated, this matter is herewith remanded to the Industrial Commission for further proceedings consistent with this opinion.

Remanded.

Judges ARNOLD and BECTON concur.