BENJAMIN A. WHITLEY, EMPLOYEE v. COLUMBIA LUMBER MFG. CO., EM-
PLOYER, AND INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY,
INSURER

No. 8510IC575

(Filed 3 December 1985)

**Master and Servant § 69— total and permanent disability—injury included in
N.C.G.S. 97-31—compensation exclusively under N.C.G.S. 97-31**

　　The Industrial Commission erred by awarding permanent total disability
under N.C.G.S. 97-29 to a plaintiff who was permanently and totally disabled
due to a 30% permanent partial disability of the left hand and a 75% perma-
nent partial disability of the right hand because all of plaintiff's injuries were
scheduled in N.C.G.S. 97-31(12). An injured employee is entitled to compensa-
tion exclusively under N.C.G.S. 97-31 regardless of his ability or inability to
work when all of his injuries are included in the schedule set out in that sec-
tion.

APPEAL by defendants from the Industrial Commission opin-
ion and award of the Full Commission entered 23 April 1985.
Heard in the Court of Appeals 20 November 1985.

This is a workers' compensation action wherein plaintiff
seeks compensation for injuries to his left hand and right fore-
arm. The facts found by the deputy commissioner and adopted by
the Full Commission are summarized as follows:

　　1. Plaintiff was born in 1924. He has a fourth grade
education but can neither read nor write.

　　2. On 24 May 1982 plaintiff sustained an injury by acci-
dent arising out of and in the course of his employment with
defendant, employer when he sustained injuries to his right
forearm and left hand while operating a bench saw.

　　3. As a result of his injury, plaintiff has sustained a 75%
permanent partial disability to his right hand and a 30% per-
manent partial disability of his left hand.

　　4. In light of plaintiff's age and his inability to read or
write, and as a result of his injury, plaintiff is totally and per-
manently disabled.

From the opinion and award granting plaintiff permanent and
total disability compensation, defendants appealed.

*Charles M. Welling for plaintiff, appellee.*

*George C. Collie for defendants, appellants.*

HEDRICK, Chief Judge.

The sole question on this appeal is whether a plaintiff who is totally and permanently disabled due to a 30% permanent partial disability of the left hand and a 75% permanent partial disability of the right hand is entitled to permanent total disability compensation under G.S. 97-29 or to permanent partial disability compensation under G.S. 97-31(12).

The plaintiff cites *Fleming v. K-Mart Corp.*, 312 N.C. 538, 324 S.E. 2d 214 (1985) and *West v. Bladenboro Cotton Mills*, 62 N.C. App. 267, 302 S.E. 2d 645 (1983) in support of his contention that he is entitled to permanent total disability compensation under G.S. 97-29. *West* is a chronic obstructive lung disease case and is clearly distinguishable from the case at hand. *Fleming* is contrary to appellee's contention:

> If [plaintiff] is unable to work and earn *any* wages, she is totally disabled. G.S. 97-2(9). In that event, unless all her injuries are included in the schedule set out in G.S. 97-31, she is entitled to an award for permanent total disability under G.S. 97-29. If all her injuries are included in the schedule set out in G.S. 97-31, she is entitled to compensation exclusively under G.S. 97-31. This is true from the language of the statute itself.

*Fleming v. K-Mart Corp.*, 312 N.C. 538, 545, 324 S.E. 2d 214, 218 (1985) (citations omitted).

All of plaintiff's injuries are scheduled in G.S. 97-31(12). When all of plaintiff's injuries are included in the schedule set out in G.S. 97-31, the injured employee is entitled to compensation exclusively under G.S. 97-31 regardless of his ability or inability to work. *Perry v. Furniture Co.*, 296 N.C. 88, 249 S.E. 2d 397 (1978).

We are bound by the decisions of our Supreme Court to hold that the Industrial Commission erred in awarding compensation under G.S. 97-29 rather than G.S. 97-31. Therefore, the opinion and award of the Industrial Commission is reversed.

Reversed and remanded.

Judges EAGLES and MARTIN concur.