JAMES TAYLOR v. MARGARET R. PARDEE MEMORIAL HOSPITAL AND
LIBERTY MUTUAL INSURANCE COMPANY

No. 8610IC533

(Filed 25 November 1986)

1. **Master and Servant § 65.2— workers' compensation—back injury—finding not supported by evidence—no prejudice**

    The Industrial Commission erred in a workers' compensation case by finding that a CAT scan revealed a five millimeter protrusion at the L5-S1 disc space where plaintiff's expert witness obviously misread the examining radiologist's report; however, there was no prejudice because there was uncontroverted evidence that a second CAT scan revealed a three or four millimeter protrusion and there was expert testimony that a three to four millimeter protrusion could cause the type of pain complained of by plaintiff.

2. **Master and Servant § 65.2— workers' compensation—back injury—findings supported by evidence**

    There was sufficient competent evidence to support the Commission's finding that plaintiff had sustained a minimal compression fracture in his back in a fall, even though there was evidence which could support a finding to the contrary.

3. **Master and Servant § 65.2— workers' compensation—back injury—total and permanent disability—evidence sufficient**

    The evidence in a workers' compensation case supported the Industrial Commission's finding that plaintiff was permanently disabled and entitled to compensation under N.C.G.S. § 97-29 where both of plaintiff's expert witnesses rated him as 100 percent disabled; plaintiff was sixty-two years old; plaintiff had attended college but never received a degree; had worked as a registered nurse for twenty-four years; experienced after his fall continuous pain radiating across his left hip and down his left leg; could not walk without crutches; had to be careful when bending; could not stoop or twist and had to sit on a stool in order to pick up anything from the floor; had to lie down frequently; and could sit for no longer than fifteen minutes before experiencing pain.

4. **Master and Servant § 69— workers' compensation—back injury—total and permanent disability—benefits**

    Plaintiff was not limited to recovery under N.C.G.S. § 97-31 for a back injury and an award under N.C.G.S. § 97-29 for permanent total disability was proper where plaintiff's evidence supported the Industrial Commission's finding that plaintiff was unable to work as a nurse or at any other employment and that his incapacity to work was caused by his work-related injuries.

APPEAL by defendants from the opinion and award of the Industrial Commission filed 23 January 1986. Heard in the Court of Appeals 28 October 1986.

This is a workers' compensation case. On 30 April 1981 plaintiff injured his back while working as a staff nurse for defendant hospital. The deputy commissioner concluded that plaintiff was totally and permanently disabled and awarded compensation pursuant to G.S. 97-29. The Full Commission adopted as its own the opinion and award of the hearing commissioner and affirmed relying on *Fleming v. K-Mart Corp.*, 312 N.C. 538, 324 S.E. 2d 214 (1985).

The deputy commissioner's findings, adopted by the Full Commission, may be summarized as follows: Plaintiff is a 62 year old registered nurse who worked for defendant hospital for approximately 15 years. His job duties included administering shots, giving intravenous solutions, making rounds with the doctors and generally caring for and attending to patient needs. On any given work day plaintiff spent most of the time on his feet. In 1977 plaintiff fell and hit the right side of his back causing muscle spasms. He recovered from this injury. In 1979 plaintiff broke his ankle. As a result of this injury, plaintiff had a 35 percent permanent partial disability to the left leg. Plaintiff's injury in this litigation occurred when he slipped on a pen and fell to the floor, injuring his lower back, left hip and left leg. The deputy commissioner found that plaintiff "had a minimal compression fracture at T3 and T4 and acute lumbar strain which did not resolve. Although a myelogram was negative, a CAT scan performed in February 1982, showed a five millimeter protrusion at the L5, S1 level." Since his April 1981 accident, plaintiff has experienced continuous pain in his lower back, radiating to his left hip and leg. Plaintiff reached maximum medical improvement in March 1982, but has a permanent partial impairment of his back of 20 percent.

From an award of medical expenses and compensation at a weekly rate of $184.43 for the remainder of plaintiff's life, defendants appeal.

*Jackson & Jackson by Frank B. Jackson and Charles Russell Burrell for plaintiff-appellee.*

*Van Winkle, Buck, Wall, Starnes and Davis by Marla Tugwell for defendant-appellants.*

EAGLES, Judge.

Our review of an Industrial Commission award is limited to two questions: (1) whether there is competent evidence before the Commission to support its findings, and (2) whether the findings support its legal conclusions. *Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E. 2d 101 (1981).

I

[1] Defendants first assign error to the Commission's finding that a February 1982 CAT scan revealed a five millimeter protrusion at the L5-S1 disc space. This finding is in error. While Dr. McConnachie, plaintiff's expert witness, did testify that the February 1982 CAT scan revealed a five millimeter protrusion at the L5-S1 level, the report of the examining radiologist states that "[f]ive millimeter contiguous axial slices were taken" and that there is a "moderate, central, symmetric protrusion at the L5-S1 disc space." In reviewing the report, Dr. McConnachie obviously misread the "five millimeter contiguous axial slices" to be a "five millimeter protrusion."

To warrant reversal, the Industrial Commission's error must be material and prejudicial. *Vaughn v. Dept. of Human Resources*, 37 N.C. App. 86, 245 S.E. 2d 892 (1978), *aff'd*, 296 N.C. 683, 252 S.E. 2d 792 (1979). The Commission's finding that the February 1982 CAT scan revealed a five millimeter protrusion at the L5-S1 disc space level, while erroneous, is not prejudicial under the facts of this case. There was uncontroverted evidence before the Commission that a second CAT scan was ordered by Dr. McConnachie in April 1983. This CAT scan revealed a three to four millimeter protrusion at the L5-S1 disc space. Both Dr. McConnachie and Dr. McGhee, one of defendants' expert witnesses, testified that a three to five millimeter protrusion is medically significant and could cause the type of pain complained of by the plaintiff.

We must determine whether the evidence is sufficient to support the critical findings necessary to permit an award of compensation. *Keller v. Wiring Co.*, 259 N.C. 222, 130 S.E. 2d 342 (1963). The Commission erred in finding the extent of the protrusion to be five millimeters instead of three to four millimeters. However, the actual length of the protrusion is relevant only as to the cause

of plaintiff's pain. The evidence is clear from both Dr. McConnachie and Dr. McGhee that a three to four millimeter protrusion at the L5-S1 disc space could cause plaintiff's pain. This evidence is sufficient to support the critical finding that there existed a protrusion at the L5-S1 disc space medically significant enough to cause plaintiff's pain. The fact that the Commission erred when stating the extent of the protrusion is not prejudicial. This assignment of error is overruled.

## II

[2] Defendants also assign error to the Commission's finding that plaintiff "had a minimal compression fracture at T3 and T4." Defendants contend that the medical evidence presented does not support a finding that the compression fracture was caused by plaintiff's fall in April 1981. We disagree.

X-rays were taken of plaintiff's thoracic spine following his fall in 1981. Dr. Montgomery's notes state that the x-rays reveal a 15 percent wedge of T3 and possibly a 10 percent wedge of T4 and that plaintiff "apparently sustained a slight compression fracture at about T3 and T4, with his fall of April 1981." Dr. McConnachie also examined plaintiff's x-rays and noted "some wedging of T3"; however, Dr. McConnachie could not say that the fracture was caused by plaintiff's fall in April 1981. Dr. McConnachie opined that the fracture might have been caused by plaintiff's fall in 1977.

We believe there is sufficient competent evidence to support the Commission's finding that plaintiff "had a minimal compression fracture at T3 and T4." Findings of fact supported by competent evidence are conclusive on appeal, even though there is evidence which could support a finding to the contrary. *Hansel v. Sherman Textiles, supra.* This assignment of error is overruled.

## III

[3] Defendants assign error to the Commission's conclusion that plaintiff is permanently and totally disabled and entitled to compensation under G.S. 97-29. Defendants argue that the evidence does not support a finding that plaintiff is permanently and totally disabled. Whether a disability exists is a conclusion of law which must be based on findings of fact supported by competent evidence. *Hilliard v. Apex Cabinet Co.,* 305 N.C. 593, 290 S.E. 2d

682 (1982). G.S. 97-2(9) defines "disability" as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment."

Our Supreme Court has stated that in order to support a conclusion of disability, the Commission must find: (1) that plaintiff after his injury was incapable of earning the same wages he had earned before his injury in the same employment, (2) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that plaintiff's incapacity to earn was caused by his injury. *Hilliard v. Apex Cabinet Co., supra.* If the plaintiff is unable to work and earn *any* wages he is totally disabled. If he is able to work and earn *some* wages, but less than he was receiving at the time of his injury, he is partially disabled. *Robinson v. J. P. Stevens,* 57 N.C. App. 619, 292 S.E. 2d 144 (1982).

The Commission found as fact that because of plaintiff's "age, education, training, physical limitations, including back and left leg pain, resulting from his April 1981 injury by accident, plaintiff has been and is totally incapable of earning any wages either as a nurse or as an employee at any other occupation." This finding satisfies the three part test for disability set out in *Hilliard v. Apex Cabinet Co., supra.* This finding is conclusive on appeal if supported by competent evidence. The plaintiff has the burden of proving both the existence of his disability and its degree. *Hall v. Chevrolet Co.,* 263 N.C. 569, 139 S.E. 2d 857 (1965).

Both of plaintiff's expert witnesses, Drs. McConnachie and Eaton, rated plaintiff as 100 percent disabled. Dr. McConnachie testified that because of plaintiff's injuries he would not be able to work again as a nurse and further Dr. McConnachie stated that "to the best of [his] knowledge" he could not think of any work that plaintiff could do. Dr. Eaton testified that plaintiff could no longer work as a nurse. As to any other type of employment, Dr. Eaton stated:

> I mean, you know, he could answer the phone at home, or, you know, soliciting on the phone or something like that, you know, where he didn't have to get up and walk around.

. . .

He can't sit for prolonged periods of time. He can't lift overhead. I mean, it's not just moving patients that he can't do. He can't walk around. Couldn't be an effective store clerk. He couldn't run a convenience store. He couldn't pump gas. He couldn't, you know, work at General Electric making light bulbs.

Plaintiff testified that he is 62 years old, that he has a high school education and attended college but never received a degree. At the time of his accident in 1981 he had worked as a registered nurse for 24 years. Plaintiff testified that since his fall in April 1981 he has experienced continuous pain radiating across his left hip and down his left leg. He cannot walk without crutches. He must be very careful when bending. He cannot stoop or twist and he must sit on a stool in order to pick up something from the floor. He must frequently lie down, as much as 12 hours a day. He can sit no longer than 15 minutes before experiencing pain.

Plaintiff's evidence supports the Commission's finding that because of plaintiff's "age, education, training, physical limitations, including his back and left leg pain, resulting from his April 1981 injury by accident, plaintiff has been and is totally incapable of earning any wages either as a nurse or as an employee at any other occupation." The finding is conclusive and binding on appeal.

[4] Defendants also argue that it was error for the Commission to award compensation under G.S. 97-29 because all of plaintiff's injuries are compensable under G.S. 97-31. The Commission found that plaintiff has "a permanent partial impairment to his back of 20%." Defendants, relying on *Perry v. Furniture Co.*, 296 N.C. 88, 249 S.E. 2d 397 (1978), argue that plaintiff's exclusive remedy is under G.S. 97-31 for permanent partial disability to the back. In *Perry* the employee suffered a work-related injury to his back. The medical experts agreed that he lost between 25 and 75 percent of the use of his back and that he was unable to engage in gainful employment. The Industrial Commission awarded compensation under G.S. 97-31(23). The employee appealed arguing that he was entitled to compensation for permanent total disability under G.S. 97-29. The Supreme Court disagreed and held that G.S. 97-31 was the exclusive remedy. The Court quoting G.S. 97-31 and emphasizing the phrase "in lieu of all other compensation" held that:

The language of G.S. 97-31 . . . compels the conclusion that if by reason of a compensable injury an employee is unable to work and earn *any* wages he is totally disabled, G.S. 97-2(9), and entitled to compensation for permanent total disability under G.S. 97-29 *unless all his injuries are included in the schedule set out in G.S. 97-31*. In that event the injured employee is entitled to compensation exclusively under G.S. 97-31 regardless of his ability or inability to earn wages in the same or any other employment.

*Id*. at 93-94, 249 S.E. 2d at 401.

More recently in *Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89, 348 S.E. 2d 336 (1986), our Supreme Court revisited and reconsidered the interpretation given to the "in lieu of" clause in G.S. 97-31 by *Perry*. In *Whitley* the Court held that the clause "does not prevent a worker who qualifies from recovering lifetime benefits under [G.S. 97-29] and *Perry*, to the extent it holds otherwise, should be overruled." *Id*. at 96, 348 S.E. 2d at 340. The Court interpreted the "in lieu of" clause to prevent an employee from receiving compensation under both G.S. 97-29 and 97-31. "Section 29 is an alternate source of compensation for an employee who suffers an injury which is also included in the schedule [under G.S. 97-31]. The injured worker is allowed to select the more favorable remedy, but he cannot recover compensation under both sections because section 31 is 'in lieu of all other compensation.'" *Id*. at 96, 348 S.E. 2d at 340.

Following *Whitley*, we hold that plaintiff is not limited to recovery under G.S. 97-31. Plaintiff's evidence supports the Commission's finding that plaintiff is unable to work as a nurse or at any other employment and that plaintiff's incapacity to work is caused by his work-related injuries. This finding supports the conclusion that plaintiff is totally and permanently disabled. The award under G.S. 97-29 is proper.

Affirmed.

Judges ARNOLD and JOHNSON concur.