ROBERT HARRINGTON, EMPLOYEE, PLAINTIFF v. PAIT LOGGING COMPANY/ GEORGIA PACIFIC, EMPLOYER; SELF INSURER (HEWITT COLEMAN ASSOCIATES), DEFENDANT

No. 8610IC906

(Filed 2 June 1987)

**Master and Servant § 69— workers' compensation—back injury—partial or total disability**

The Industrial Commission erred in determining that plaintiff's disability resulting from a back injury was covered by N.C.G.S. § 97-31 and that plaintiff therefore could not be compensated pursuant to N.C.G.S. § 97-29 for permanent total disability.

APPEAL by plaintiff from the opinion and award of the Industrial Commission filed 21 April 1986. Heard in the Court of Appeals 6 April 1987.

This claim for workers' compensation benefits arises out of an accident that occurred on 2 April 1984. Plaintiff was employed by defendant Pait Logging Company to cut logs with a chain saw. While cutting logs, plaintiff sustained an injury by accident when a tree limb fell against his lower back, knocking him down, injuring his spine and fracturing his left ankle.

At the time of the hearing before the deputy commissioner plaintiff was 57 years old and the father of six children. The deputy commissioner found as fact that plaintiff could not read or write and signed his name with an "X." Plaintiff began working on a farm with his father when he was eight years old. He farmed until he was 18 years old and then began working in a sawmill handling lumber. Plaintiff's subsequent jobs included packing tobacco in a factory, cutting rights-of-way for power lines and farming. At approximately age 40 the plaintiff began working in the logging industry. As of 2 April 1984, the date of the accident, plaintiff had been working for defendant for approximately eight years.

Prior to the accident plaintiff's only physical problem was a cataract in his right eye. Dr. G. T. Hamilton surgically repaired plaintiff's left ankle (a badly displaced lateral malleolar fracture) and gave him a lumbar corset for his back injury. When the plaintiff demonstrated "profound right leg weakness and foot drop" on 27 July 1984, Dr. Hamilton ordered several diagnostic studies. Dr. E. C. Bartlett performed a "myelogram and a spinal stenosis involving nerve roots, practicularly [sic] L4 to the right side of his leg." When Dr. Bartlett saw plaintiff on 25 July 1985 plaintiff was experiencing occasional back pain, dorsiflexion weakness of the ankle and toes, loss of reflex and some numbness over the lateral part of the knee.

The deputy commissioner found that plaintiff reached maximum medical improvement on 25 July 1985. Further, the deputy commissioner found that plaintiff's accident on 2 April 1984 aggravated his pre-existing degenerative disease of the spine; that plaintiff cannot kneel, bend, climb, lift, sit or stand too long or walk very well; and that plaintiff sustained a 35% permanent par-

tial disability of the back and a 10% permanent partial disability of the left ankle [foot] as a result of an injury by accident arising out of and in the course of his employment. As a result of his injury by accident, the deputy commissioner concluded that plaintiff is entitled to compensation pursuant to G.S. 97-31(14) and (23).

The deputy commissioner awarded the sum of $93.34 per week for 119.4 weeks beginning 25 July 1985. The deputy commissioner also awarded medical and hospital expenses, attorneys fees and costs.

Plaintiff appealed to the full Commission arguing that he is entitled to permanent total disability pursuant to G.S. 97-29. The full Commission adopted as its own the opinion and award of the deputy commissioner and affirmed, in all respects, the result reached by him. Plaintiff appeals.

*Glover & Petersen by James R. Glover for plaintiff-appellant.*

*Gene Collinson Smith for defendant-appellee.*

EAGLES, Judge.

By his only assignment of error plaintiff argues that he is entitled to compensation for permanent total disability pursuant to G.S. 97-29.

The deputy commissioner made no findings or conclusions with respect to permanent total disability. However he did note, relying on *Perry v. Hibriten Furniture Co.*, 296 N.C. 88, 249 S.E. 2d 397 (1978), that:

> If by reason of any compensable injury an employee is unable to work and earn any wages he is totally disabled and entitled to compensation for permanent total disability under 97-29 unless all his injuries are included in the schedule set out in this section [G.S. 97-31]. In that event the injured employee is entitled to compensation exclusively under this section regardless of his ability or inability to earn wages in the same or any other employment; and such compensation is "in lieu of all other compensation, including disfigurement."

On appeal the full Commission stated that:

> A reading of the record in this case shows unequivocally that the only disability which plaintiff has relating to his injury is

disability to the back and left foot. Admittedly, he has other problems completely unrelated to his accident and a combination of his specific disability and his unrelated problems render him totally disabled.

Further, the full Commission stated that "our courts have held that when all of a plaintiff's disability resulting from an injury are covered by G.S. 97-31 an employee is entitled to no compensation for permanent total disability." The full Commission relied on this Court's decision in *Whitley v. Columbia Lumber Mfg. Co.*, 78 N.C. App. 217, 336 S.E. 2d 642 (1985). However, our decision in *Whitley* was reversed in *Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89, 348 S.E. 2d 336 (1986). There the Supreme Court overruled the interpretation previously given to the "in lieu of" language in G.S. 97-31 by *Perry v. Hibriten Furniture Co., supra.* The Court held that "the 'in lieu of' clause [of G.S. 97-31] does not prevent a worker who qualifies from recovering lifetime benefits under [G.S. 97-29] and *Perry*, to the extent it holds otherwise, should be overruled." 318 N.C. at 96, 348 S.E. 2d at 340. The Court in *Whitley* reinterpreted the "in lieu of" clause to permit an employee to receive compensation under either G.S. 97-31 or G.S. 97-29 in an appropriate situation but not under both. "Section 29 is an alternate source of compensation for an employee who suffers an injury which is also included under the schedule [under G.S. 97-31]. The injured worker is allowed to select the more favorable remedy, but he cannot recover compensation under both sections because section 31 is 'in lieu of all other compensation.' " *Id.* at 96, 348 S.E. 2d at 340.

The finder of fact in a workers' compensation case is the Industrial Commission which has the exclusive duty and authority to find facts related to a disputed claim. *Harrell v. Stevens & Co.*, 54 N.C. App. 582, 284 S.E. 2d 343 (1981), *disc. rev. denied*, 305 N.C. 152, 289 S.E. 2d 379 (1982). The jurisdiction of this court is limited to questions of law, whether there is competent evidence to support the Commission's findings and whether the findings justify its legal conclusions. *Carpenter v. Tony E. Hawley, Contractors*, 53 N.C. App. 715, 281 S.E. 2d 783, *disc. rev. denied*, 304 N.C. 587, 289 S.E. 2d 564 (1981). In order to support a conclusion of disability, the Commission must find that after his injury plaintiff was incapable of earning the same wages he earned before his injury in the same or any other employment and that plaintiff's

incapacity to earn was caused or significantly contributed to by his injury. *See Taylor v. Pardee Hospital*, 83 N.C. App. 385, 350 S.E. 2d 148 (1986). Total disability means that as a result of his injury, plaintiff is unable to work and earn any wages. *Id.* Here it is clear that the Commission felt it could not award benefits to the plaintiff under G.S. 97-29. Accordingly, the opinion and award is vacated and the cause remanded for the Commission to determine if plaintiff is entitled to recover benefits for total disability. On remand, if the Commission finds and concludes from the evidence in this record that plaintiff is totally disabled as a result of his compensable injuries, then it must award benefits under G.S. 97-29. *Whitley, supra*, 318 N.C. 89, 348 S.E. 2d 336. We note that the Commission in its opinion and award, previously stated, though without finding, that by the combination of pre-existing problems and his compensable injuries, plaintiff had been rendered "totally disabled"; however, the Commission did not comment or make the necessary findings regarding claimant's wage earning capability. Accordingly, the opinion and award is vacated and the cause is remanded for additional findings and conclusions consistent with the Supreme Court's holding in *Whitley*.

Vacated and remanded.

Chief Judge HEDRICK and Judge PARKER concur.