JOSEPH D. VANDIFORD, III, EMPLOYEE, PLAINTIFF v. STEWART EQUIPMENT COMPANY, EMPLOYER; UTICA MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8910IC930

(Filed 15 May 1990)

1. **Master and Servant § 65.2 (NCI3d) — workers' compensation — back injury — arising out of employment**

   The evidence supports the Industrial Commission's findings that plaintiff suffered additional injuries to his back in October 1984 as a result of an accident suffered at work in February of 1984, despite defendants' assertion that plaintiff's injury could have stemmed from back problems treated in 1980 and 1982, where plaintiff's doctor's medical notes regarding the October 1984 injuries indicated that plaintiff had aggravated his preexisting back condition. There is a distinction between the proximate cause doctrine in workers' compensation cases and that applied in cases of tort; while there must be some causal connection between the employment and the

VANDIFORD v. STEWART EQUIPMENT CO.

[98 N.C. App. 458 (1990)]

injury, it is not necessary that the original injury be the sole cause of the second injury.

**Am Jur 2d, Workmen's Compensation §§ 289, 340, 341, 344.**

2. **Master and Servant § 65.2 (NCI3d) — workers' compensation — back injury — scheduled injuries — total disability**

Although plaintiff's back and leg injuries are scheduled injuries under N.C.G.S. § 97-31 and were suffered in 1984, plaintiff's workers' compensation hearing was held in 1988 and *Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89 (1986), clearly controls so that plaintiff may recover total permanent disability benefits.

**Am Jur 2d, Workmen's Compensation §§ 289, 340, 341, 344.**

3. **Master and Servant § 65.2 (NCI3d) — workers' compensation — permanent and total disability — conflicting evidence**

The Industrial Commission did not err by finding that plaintiff was entitled to permanent and total disability benefits despite testimony that plaintiff was able to earn some wages, though less than he was receiving at the time of his injury. There was ample support in the record to uphold the Commission's findings and, if the evidence before the Commission is capable of supporting two contrary findings, the determination of the Commission is conclusive on appeal.

**Am Jur 2d, Workmen's Compensation §§ 289, 340, 341, 344.**

4. **Master and Servant § 65.2 (NCI3d) — workers' compensation — back injury — preexisting disability — no credit**

Defendants in a workers' compensation action were not entitled to a credit for a preexisting five percent disability to plaintiff's back where plaintiff's injuries were clearly intensified by the October 1984 accident. Employers take their employees as they find them and, so long as an individual is capable of doing that for which he was hired, then the employer's liability for injury due to industrial accident ought not to be reduced due to the existence of a nonincapacitating infirmity.

**Am Jur 2d, Workmen's Compensation §§ 289, 340, 341, 344.**

VANDIFORD v. STEWART EQUIPMENT CO.

[98 N.C. App. 458 (1990)]

### 5. Master and Servant § 65.2 (NCI3d) — workers' compensation — back injury — stipulation as to dates for temporary total disability

Defendants in a workers' compensation action were entitled to a credit for the time the parties stipulated plaintiff was paid temporary total disability benefits where the Commission's finding had used different dates.

### Am Jur 2d, Workmen's Compensation §§ 289, 340, 341, 344.

Judge GREENE concurring in part and dissenting in part.

APPEAL by defendants from an opinion and award by the Full Commission, filed 9 May 1989. Heard in the Court of Appeals 3 April 1990.

Plaintiff was born on 11 December 1960. In 1983, plaintiff was employed as a mechanic for defendant-employer, servicing heavy industrial equipment.

On 6 February 1984, plaintiff was "squatted" down under a five-ton army truck removing a flywheel. As the flywheel came out, plaintiff wrenched his back. Plaintiff left work and saw Dr. Gerald Pelletier, an orthopedic surgeon in New Bern, North Carolina, who diagnosed plaintiff's condition as a disc injury and prescribed bed rest and medications.

Later that same day, plaintiff developed severe chest pains, began spitting up blood and was rushed to the emergency room where he was treated for a pulmonary embolism.

After being treated, he was discharged. Plaintiff was able to return to work on light duty on 14 March 1984 and had a course of gradual improvement with restrictions on his lifting and other back motions.

On 17 October 1984, plaintiff re-injured his back while in his mother's yard. Plaintiff was hospitalized and underwent surgery. He was released 15 November 1984. On 3 January 1985, plaintiff was again hospitalized and diagnosed as having thrombophlebitis.

On 24 July 1985, Dr. Pelletier formed an opinion that Mr. Vandiford had sustained a twenty percent permanent impairment of his spine. The carrier paid Mr. Vandiford for the twenty percent permanent partial disability rating. On 28 January 1987, a CT scan was performed on the plaintiff. The scan revealed a large calcified

VANDIFORD v. STEWART EQUIPMENT CO.

[98 N.C. App. 458 (1990)]

disc at the same level in the back where the plaintiff's other injuries were located. On 2 March 1987, Dr. Pelletier increased the permanent partial disability rating of the employee's back to forty percent permanent impairment. Thereafter, defendants gave plaintiff a ten percent permanent partial disability rating to the back, without any prejudice to their defenses.

After trying various other jobs, plaintiff stopped working altogether because of the continuous back and leg pain.

Dr. Pelletier, in his deposition, expressed the opinion that plaintiff was not able to work. Defendants produced testimony of Dr. Paul Alston, an expert in the field of vocational rehabilitation, that there were certain occupations which the employee could perform consistent with his limitations, although the employment would be on a part-time basis, of three to four hours per day at an average of $3.75 per hour.

Deputy Commissioner Denson, by Opinion and Award filed 12 August 1988, held that the employee was permanently and totally incapacitated from gainful employment, and concluded as a matter of law that plaintiff was entitled to a compensation rate of $146.67 per week. The defendants gave Notice of Appeal to the Full Commission which affirmed plaintiff's recovery of permanent and total lifetime benefits. From the 9 May 1989 Opinion and Award, defendants appeal.

*Barker, Dunn & Mills, by James C. Mills, for plaintiff-appellee.*

*Wallace, Morris, Barwick & Rochelle, P.A., by David R. Duke, for defendants-appellants.*

LEWIS, Judge.

[1] The issue before this Court is whether plaintiff's injury and disability from his October 1984 accident arose out of or was in the course of his employment. For these injuries to be compensable, they must result from an injury by accident arising out of and in the course of employment. *Barham v. Food World, Inc.*, 300 N.C. 329, 332, 266 S.E.2d 676, 678 *reh'ing denied*, 300 N.C. 562, 270 S.E.2d 105 (1980). A subsequent injury to an employee, whether an aggravation of the original injury or a new and distinct injury, is compensable only if it is the direct and natural result of a prior compensable injury. *Starr v. Charlotte Paper Co.*, 8 N.C. App. 604, 610, 175 S.E.2d 342, 347 (1970). The plaintiff must therefore

establish a causal relationship between the February 1984 back injury and the October 1984 injury.

Our inquiry is limited solely to whether there was competent evidence before the Commission to support its findings of fact. *Henry v. A.C. Lawrence Leather Co.*, 231 N.C. 477, 479, 57 S.E.2d 760, 762 (1950). Moreover, if the evidence before the Commission is capable of supporting two contrary findings, the determination of the Commissioner is conclusive on appeal. *Dolbow v. Holland Industries., Inc.*, 64 N.C. App. 695, 697, 308 S.E.2d 335, 336 (1983), *cert. denied*, 310 N.C. 308, 312 S.E.2d 651 (1984). The duty of this Court in reviewing the validity of the award on appeal is to ascertain whether there is *any* competent evidence in the record to support such a finding. *Id.* at 696, 308 S.E.2d 336.

Defendant argues that because plaintiff's doctor testified that plaintiff was treated for back pain in 1980 and again in 1982, his thrombophlebitic condition was not necessarily a natural and direct result of the February 1984 accident. Dr. Overby, plaintiff's treating physician for the thrombophlebitis, testified that in his opinion this condition was related to the plaintiff being at bed rest following his back injury of October 1984. Defendant asserts that because plaintiff suffered from some back problems which were treated in 1980 and 1982, his October 1984 injury could have stemmed from the 1980 and 1982 back problems and therefore the thrombophlebitis does not arise out of his employment. We disagree.

There is a distinction between the proximate cause doctrine in workers' compensation cases and that applied in cases of tort. *Starr v. Charlotte Paper Co., Inc.*, *supra* at 610, 175 S.E.2d 347. While there must be some causal connection between the employment and the injury, it is not necessary that the original injury be the sole cause of the second injury. *Id.*

The hazards of employment do not have to set in motion the sole causative force of an injury in order to make it compensable. By the weight of authority it is held that where a workman by reason of constitutional infirmities is predisposed to sustain injuries while engaged in labor, nevertheless the leniency and humanity of the law permit him to recover compensation if the physical aspects of the employment contribute in some reasonable degree to bring about or intensify the condition which renders him susceptible to such accident and consequent injury.

*Id.* (*quoting, Vause v. Equipment Co.*, 233 N.C. 88, 63 S.E.2d 173 (1951)). Dr. Pelletier's medical notes regarding the October 1984 injuries indicated that plaintiff had "*aggravated* his pre-existing back condition." In *Mayo v. City of Washington*, the Court affirmed the award of the Commission based upon evidence of the treating physician's notes which indicated that plaintiff had been injured on the job and "was reinjured today." The *Mayo* court held that "[t]his was sufficient medical evidence to establish a causal connection between the [first compensable] . . . accident and the subsequent injuries." *Mayo v. City of Washington*, 51 N.C. App. 402, 407, 276 S.E.2d 747, 750 (1981). According to Dr. Pelletier's deposition testimony, all of the workers' compensation forms filed by his office, including those filed after the October 1984 incident, indicate the date of injury as February 1984.

The evidence supports the Commission's findings that as a result of the February 1984 accident, plaintiff suffered additional injuries in October 1984 and we affirm those findings.

[2] Defendants also argue that because the plaintiff was injured in 1984, he is not entitled to recover permanent disability compensation. Both plaintiff's back and leg injuries are "scheduled injuries." G.S. § 97-31. Prior to 1986 the Supreme Court had interpreted the Workers' Compensation Act to limit recovery to an employee only to those benefits enumerated in G.S. § 97-31, if all the injuries were "scheduled injuries." Plaintiff, under this interpretation of the law, would not be allowed to recover total permanent disability benefits. However, in *Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89, 348 S.E.2d 336 (1986), our Supreme Court interpreted the Workers' Compensation Act to allow total permanent disability benefits to an employee who only sustained "scheduled injuries." Plaintiff's workers' compensation hearing was held in 1988. Clearly, the *Whitley* decision controls this case. *See also Niple v. Seawell Realty and Ins. Co.*, 88 N.C. App. 136, 362 S.E.2d 572, *disc. rev. denied*, 321 N.C. 744, 365 S.E.2d 903 (1988); *Harrington v. Pait Logging Co.*, 86 N.C. App. 77, 356 S.E.2d 365 (1987).

[3] Defendants further assert that the Industrial Commission erred in finding that the employee was entitled to permanent and total disability benefits. Defendants argue that the plaintiff is able to earn some wages, though less than what he was receiving at the time of his injury, and therefore is not totally disabled. G.S. § 97-29. Defendants primarily rely upon the testimony of Dr. Paul

Alston, a vocational rehabilitation expert, who testified that plaintiff could perform certain types of jobs on a part-time basis, three to four hours per day. However, we find ample support in the record to uphold the Commission's findings.

Dr. Pelletier testified that because of plaintiff's present physical condition, he is unable to sit or stand for a period of more than fifteen to twenty minutes at a time. The plaintiff cannot lift or bend, and he must frequently lie down and rest because of the pain in his back and legs. Furthermore, Dr. Alston conceded on cross-examination that he assumed that the plaintiff would be able to go three to four hours at a time on a regularly scheduled basis without needing to lie down and rest. This testimony is contrary to the testimony of Dr. Pelletier. If the evidence before the Commission is capable of supporting two contrary findings, the determination of the Commission is conclusive on appeal. *Dolbow v. Holland Indus., Inc.*, 64 N.C. App. 695, 697, 308 S.E.2d 335, 336 (1983), *cert. denied*, 310 N.C. 308, 312 S.E.2d 651 (1984).

[4] Defendants next argue that they should be credited for a five percent disability assigned by Dr. Pelletier to the 1980 and 1982 back injuries. Dr. Pelletier, in his deposition speculated that he "would have rated [the plaintiff] at five percent." However, simply because plaintiff is predisposed to sustain injuries while engaged in labor, he is still permitted to recover compensation if the physical aspects of his employment intensifies the pre-existing condition. *Starr v. Charlotte Paper Co.*, 8 N.C. App. 604, 610, 175 S.E.2d 342, 346 (1970). Here, although plaintiff did suffer from some minor disability due to his pre-existing back injuries, they were clearly intensified by the October 1984 flywheel accident. Employers take their employees as they find them. *Pruitt v. Knight Pub. Co.*, 27 N.C. App. 254, 258, 218 S.E.2d 876, 880 (1975), *rev'd on other grounds*, 289 N.C. 254, 221 S.E.2d 355 (1976). "So long as an individual is capable of doing that for which he was hired, then the employer's liability for injury due to industrial accident ought not to be reduced due to the existence of a nonincapacitating infirmity." *Id.* Defendants are not entitled to a credit.

[5] Finally, defendants contend that the Commission erred in its stipulation number two, which states:

> 2. Plaintiff's average weekly wage was $220.00 and his weekly compensation rate was $146.67. Compensation was paid for temporary total disability from February 7 to March 14, 1984,

VANDIFORD v. STEWART EQUIPMENT CO.

[98 N.C. App. 458 (1990)]

from April 10 to April 26, 1984, and from October 17, 1984 to September 1985.

Defendants assert that the Commission erred in the dates it listed that plaintiff was paid for temporary total disability. The parties themselves, at the request of the Deputy Commissioner, entered into a stipulation as to the relevant dates; they stipulated disability payments from February 7, 1984 through April 26, 1984, and then from October 17, 1984 through October 21, 1985. We agree with the defendants. Defendants are entitled to a credit for the time the parties stipulated plaintiff was paid temporary total disability benefits.

We therefore reverse the Industrial Commission on the issue above and remand for entry of an Order which credits the defendants for payments made to plaintiff from February 7, 1984 through April 26, 1984, and then from October 17, 1984 through October 21, 1985.

Affirmed in part, reversed in part and remanded.

Judge DUNCAN concurs.

Judge GREENE concurs in part and dissents in part.

Judge GREENE concurring in part and dissenting in part.

I disagree with the majority on the issue of whether the defendant should be given a credit to reflect the five percent disability the claimant possessed prior to the compensable injury. In *Weaver v. Swedish Imports Maintenance, Inc.*, 319 N.C. 243, 253-54, 354 S.E.2d 477, 484 (1987), our Supreme Court clearly held that awards must be apportioned "to reflect the extent to which claimant's permanent total disability was caused by the compensable" injury. In fact, compensation under the Workers' Compensation Act of North Carolina is appropriate only in those situations where the disability is "caused, accelerated, or aggravated" by the compensable injury. *See Pitman v. Feldspar Corp.*, 87 N.C. App. 208, 215, 360 S.E.2d 696, 700 (1987), *rev. denied*, 321 N.C. 474, 364 S.E.2d 924 (1988). As the Commission in this case failed to determine what portion if any of the claimant's disability was a result of the five percent disability the claimant possessed prior to the compensable injury, I would remand to the Commission for a determina-

tion of whether the disability claimant suffers was indeed entirely caused by the compensable injury or whether any portion of the disability was a consequence of disabilities to the claimant's back that existed prior to the claimant's compensable injury. *Pitman*, 87 N.C. App. at 216, 360 S.E.2d at 700.