JAMES A. DEAN, EMPLOYEE, PLAINTIFF v. CONE MILLS CORPORATION, EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8210IC1355

(Filed 20 March 1984)

Master and Servant § 68— workers' compensation—finding that disease not compensable supported by evidence

In a workers' compensation case, the Commission's conclusion that plaintiff's disease was not compensable was supported by findings of fact detailing the testimony of two doctors which indicated (1) there was a small chance that plaintiff's disease was caused by his occupational exposure, and (2) that the cause of plaintiff's condition was to a certain extent speculative.

Judge PHILLIPS dissenting.

APPEAL by plaintiff from order of North Carolina Industrial Commission entered 2 August 1982. Heard in the Court of Appeals 18 November 1983.

Plaintiff filed a claim for workers' compensation benefits alleging that he suffered from an occupational disease due to his exposure to cotton dust while working for defendant employer. The evidence showed that plaintiff worked in a textile mill in 1933 and 1934 and from 1942 through 1947. In 1951 he began his

employment with the defendant. He worked in the weave room for approximately three years and was then employed in the cloth room until his retirement in 1975. Cotton cloth was brought from the weave room to the cloth room where plaintiff operated the roll-up machine. Plaintiff was treated at Watts Hospital for respiratory problems commencing in 1970. Plaintiff's coughing and shortness of breath made his job more difficult and in 1975 he retired rather than take a different job for less pay. In 1976 he had a heart attack. Plaintiff began smoking in 1930 and smoked from eight to ten cigarettes a day for 20 years. He resumed smoking in 1960 and continued for approximately one year and then ceased smoking.

Dr. George R. Kilpatrick, Jr. testified that in his opinion the plaintiff has a pulmonary impairment of approximately 35% and that he is totally disabled from his lung disease and his heart disease. In response to a hypothetical question he testified that plaintiff's exposure to cotton dust caused or significantly contributed to the chronic obstructive pulmonary disease. Dr. Kilpatrick also testified that the plaintiff's exposure to cotton dust placed him at increased risk of developing chronic obstructive pulmonary disease. On cross-examination he stated that raw cotton dust is produced from cloth before it is washed and dyed and this could cause a chronic obstructive lung disease although he could not recall any studies addressing that situation. He testified that he was not furnished dust level studies on which he could base an opinion as to the plaintiff's exposure and without such data his opinion as to the plaintiff's lung disease was to a certain amount speculation.

Dr. David Allen Hayes testified that he had not examined the plaintiff but he had reviewed the plaintiff's testimony, the deposition of Dr. Kilpatrick, and medical records of the plaintiff. In answer to a hypothetical question he testified that it was his opinion that "it was medically unlikely that Mr. Dean's occupational exposure to cotton dust contributed to his obstructive lung disease." He also testified that in his opinion his occupational exposure to cotton dust "perhaps placed him at slightly increased risk of developing obstructive lung disease. However, I do not consider the type of exposure that occurred through the vast majority of his mill employment to have placed him as an individual at much higher risk of developing obstructive lung disease."

The hearing commissioner entered an opinion and award in which he recited the testimony of Drs. Kilpatrick and Hayes. He found that the "plaintiff has failed to carry his burden of establishing that his condition has been caused or contributed to by his exposure to cotton dust in defendant's mill, that his employment placed him at an increased risk of contracting COPD, or that he was permanently or partially disabled from employment in 1975 as a result of an occupational disease." The hearing commissioner denied compensation and his opinion and award was affirmed by the Full Commission. The plaintiff appealed.

*Hassell, Hudson and Lore, by Charles R. Hassell, Jr., for plaintiff appellant.*

*Maupin, Taylor and Ellis, by David V. Brooks, for defendant appellees.*

WEBB, Judge.

Our review of the Commission's order is limited to determining (1) whether the Commission's findings of fact are supported by competent evidence, and (2) whether the findings of fact justify the legal conclusion. *See Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E. 2d 101 (1981). We believe the Commission's findings of fact are supported by the evidence. The burden of proof was on the plaintiff to show he had a compensable disease. The testimony of Dr. Hayes as to the small chance that plaintiff's disease was caused by his occupational exposure and the slight risk to which work in a cloth room places a person together with the testimony of Dr. Kilpatrick that his opinion as to the cause of the plaintiff's condition was to a certain extent speculation is evidence which supports the Commission's finding that the plaintiff had not carried his burden of proof. The conclusion that plaintiff's disease is not compensable is supported by this finding of fact.

The plaintiff argues that a fair review of the record shows that the Commission did not fairly weigh and consider all the evidence. We do not believe this argument has merit. The Commission is not required to make findings on all the evidence. It is required to make findings of fact on the evidence from which we can determine that the law is correctly applied. We believe the Commission has done this. We assume they considered all the evi-

dence. We do not believe *Harrell v. Stevens & Co.*, 45 N.C. App. 197, 262 S.E. 2d 830, *cert. denied,* 300 N.C. 196, 269 S.E. 2d 623 (1980), *later appealed,* 54 N.C. App. 582, 284 S.E. 2d 343 (1981), *petition denied,* 305 N.C. 152, 289 S.E. 2d 379 (1982); or *Gaines v. Swain & Son, Inc.*, 33 N.C. App. 575, 235 S.E. 2d 856 (1977), relied on by plaintiff, are helpful to him. In *Harrell* the Commission was reversed because the Commission recited in its order that it discounted certain evidence. In *Gaines* the case was remanded because the Commission did not make sufficient findings of fact. In this case there is no indication in the Commission's order that it did not weigh all the evidence and we have held it made sufficient findings of fact.

The appellant argues that the Industrial Commission rendered its decision in this case before the cases of *Rutledge v. Tultex Corp.*, 308 N.C. 85, 301 S.E. 2d 359 (1983) and *Walston v. Burlington Industries*, 304 N.C. 670, 285 S.E. 2d 822 (1982) were filed. He argues that the Commission did not address the issue of aggravation of his condition under the law as established in these two cases. We hold that the Commission, by finding that the plaintiff had not carried his burden of proving his condition was "contributed to by his exposure to cotton dust in the defendant's mill," has addressed the issue of aggravation under these two cases.

The appellant assigns error to the hearing commissioner's denial of his motion for a view of the premises. Assuming the hearing commissioner had the authority under G.S. 97-76 or otherwise to inspect the premises, it was in his discretion as to whether he should do so. The plaintiff last worked on the premises in 1975. The motion for an inspection of the premises was made in 1981. We hold the hearing commissioner did not abuse his discretion in denying the motion.

Affirmed.

Judge EAGLES concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion the Commission's findings that plaintiff's work did not expose him to a greater risk of COPD than the general public and did not significantly contribute to his COPD are not supported by competent evidence.

These questions were addressed by the testimony of Dr. Kilpatrick and Dr. Hayes, expert medical witnesses. Dr. Kilpatrick testified: "In my opinion, individuals exposed to cotton dust tend to have a high incidence of chronic obstructive pulmonary disease compared to the average population." He also opined that plaintiff's exposure to cotton dust at work placed him at an increased risk of developing COPD compared to members of the general public. The cross-examination of Dr. Kilpatrick addressed the issue of *causation*, not the issue of plaintiff's *risk* of contracting COPD compared to the general public. Yet, based on this evidence, Deputy Commissioner Rich made the following finding:

> Dr. Kilpatrick stated in cross-examination that without information on the amount and nature of cotton dust in the cloth room where plaintiff worked most of his years in the mill, he could not determine whether plaintiff's employment at Cone placed him at an increased risk of developing chronic obstructive pulmonary disease as compared to a group of individuals not so exposed.

This critical finding of fact has absolutely no basis in the evidence and therefore constitutes error.

Dr. Hayes testified that the information suggesting increased risk of COPD among cloth room workers was scant, and opined that "the population of cloth room workers at large have a very, very unlikely possibility of developing obstructive lung disease from their occupational exposure." But specifically in regard to plaintiff, Dr. Hayes testified:

> It is my opinion his occupational exposure to cotton dust, which included both weave and cloth room exposure, perhaps placed him at *slightly increased* risk of developing obstructive lung disease. However, I do not consider the type of exposure that occurred through the vast majority of his mill

employment to have placed him as an individual at *much* higher risk of developing obstructive lung disease. (Emphasis added.)

Deputy Commissioner Rich found from this testimony that, "Dr. Hayes opined that cloth room workers generally are not placed at an increased risk of contracting COPD than the general public not similarly employed." Although this finding is supported by some competent evidence, it does not speak to the issue of whether *plaintiff's* occupational exposure in both weave and cloth rooms placed him at increased risk. Because the finding does not address plaintiff's specific circumstances, it does not support the conclusion that he failed to carry his burden of showing he was placed at a higher risk than the general public.

Both doctors also testified as to whether plaintiff's exposure to cotton dust significantly contributed to his COPD. Dr. Kilpatrick expressed the opinion that plaintiff's total years of cotton dust exposure probably caused or significantly contributed to his COPD; and though he could not state to what extent the dust exposure contributed to the COPD, as opposed to other factors, or that he was absolutely certain that dust exposure contributed to the COPD, he consistently asserted that plaintiff's exposure to cotton dust probably did contribute to his COPD. After hearing this evidence, Deputy Commissioner Rich found that, "Dr. Kilpatrick could not state to a reasonable degree of medical certainty . . . that plaintiff's COPD was caused or permanently aggravated by an exposure to cotton dust in his employment." This finding is not supported by any of Dr. Kilpatrick's testimony.

In contrast to Dr. Kilpatrick, who was the examining physician, Dr. Hayes testified that, "it was medically unlikely that [plaintiff's] occupational exposure to cotton dust contributed to his obstructive lung disease." Dr. Hayes later qualified this testimony by stating that three different factors contributed to plaintiff's COPD: his relatively nominal tobacco consumption, his 31 years of exposure to cotton dust, and an unusual genetic susceptibility to COPD. Dr. Hayes could not separate the contribution of these causative factors but felt that the genetic predisposition was the most important. From this testimony, Deputy Commissioner Rich found that plaintiff's cotton dust exposure probably did not contribute to his COPD, and that plaintiff had an unusual genetic

susceptibility to COPD, which could have been brought on by intercurrent infection or general environmental pollutants. Part of Dr. Hayes' testimony supports these findings.

Deputy Commissioner Rich made the conclusion of law that plaintiff failed to prove his COPD was caused or contributed to by his occupational exposure to cotton dust. This conclusion was presumably based on the findings that both medical witnesses were of the opinion that plaintiff's exposure to cotton dust did not contribute to his COPD. But since the conclusion of law concerning causation of plaintiff's COPD was made under a misapprehension as to Dr. Kilpatrick's testimony and was thus based in part on an erroneous finding of fact, it should not stand.