HAZEL C. PARRISH v. BURLINGTON INDUSTRIES, INC. AND AMERICAN
MOTORISTS INSURANCE COMPANY

No. 8410IC112

(Filed 6 November 1984)

1. **Master and Servant § 69— measure of damages—work-related portion of par-
tial impairment—correct multiplier**

Where the Industrial Commission found that plaintiff had a 40% impair-
ment of her lungs, that she was "permanently disabled in like degree," and
that 30% of her 40% partial disability was work-related, the correct measure
of damages under G.S. 97-30 would be 66⅔% of her average weekly wage
multiplied by 30%.

2. **Master and Servant § 69.1— degree of respiratory impairment—distinguished
from degree of disability—measure of damages**

The Industrial Commission should not have found that plaintiff was dis-
abled in the same degree as her lung impairment, based on AMA classifica-
tions, where plaintiff's respiratory impairment was found to be 40% and the
AMA guidelines showed 50% to 70% as the most severe class of respiratory
disease, totally disabling a person for most types of employment. The loss of
respiratory capacity in a living claimant cannot be total, and the percent of im-
pairment is not necessarily identical to the percent of disability. G.S. 97-30.

APPEAL by plaintiff from opinion and award of the North
Carolina Industrial Commission filed 19 August 1983. Heard in
the Court of Appeals 24 October 1984.

Plaintiff filed a claim for workers' compensation for disability
caused by occupational lung disease. The Deputy Commissioner
found plaintiff 30% physically impaired and awarded her $9.06
per week for 300 weeks. The Full Commission found plaintiff 40%
physically impaired, 30% of which is work-related, and awarded
her $14.50 per week for the same period. From this award plain-
tiff appeals.

*Frederick R. Stann for plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan,
Jr., and William L. Young, for defendant appellees.*

WHICHARD, Judge.

Plaintiff argues that the Commission erred by failing correct-
ly to determine the amount of compensation to which she was en-

titled under G.S. 97-30. We agree, and we accordingly vacate and remand for entry of a new award.

[1] The Commission found that plaintiff has a 40% physical impairment of her lungs. The medical evidence supports the finding; it is therefore conclusive on appeal. *Pennington v. Flame Refractories, Inc.*, 53 N.C. App. 584, 586, 281 S.E. 2d 463, 465 (1981). The Commission further found that plaintiff "is thereby permanently partially disabled in like degree," and that 30% of her 40% permanent partial disability is work-related. Plaintiff thus impliedly meets the threshold requirement for occupational disease in that her occupation "significantly contributed to, or was a significant causal factor in" her lung impairment. *Rutledge v. Tultex Corp.*, 308 N.C. 85, 101, 301 S.E. 2d 359, 369-70 (1983). Neither party contends that the *Rutledge* requirement is not met. The Commission concluded from its findings that plaintiff is entitled to compensation at the rate of $14.50 per week for 300 weeks.

The appropriate award under the above findings is determined by G.S. 97-30, which governs partial incapacity. The applicable language reads:

> . . . where the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such disability, a weekly compensation equal to sixty-six and two-thirds percent (66⅔%) of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than the amount established annually to be effective October 1 as provided in G.S. 97-29 a week, and in no case shall the period covered by such compensation be greater than 300 weeks from the date of injury.

G.S. 97-30 (1983). In interpreting this language our Supreme Court has stated that "the Worker's Compensation Act . . . requires compensation only for that portion of [a] disability caused, accelerated or aggravated by the occupational disease." *Morrison v. Burlington Industries*, 304 N.C. 1, 18, 282 S.E. 2d 458, 470 (1981). In *Morrison*, while plaintiff was totally disabled, only 55% of that disability resulted from occupational disease. "Hence," the court stated, "[claimant is] entitled to compensation for partial disability, not total disability, because the occupational disease caused

only part of the disability. Therefore G.S. 97-30, not G.S. 97-29 [which provides compensation rates for total incapacity] governs. . . ." *Id.* at 11, 282 S.E. 2d at 465.

The Commission found, without exception, that plaintiff's average weekly wage during her last year with defendant-employer was $181.28, and that plaintiff has not worked since she left defendant-employer. Defendants do not dispute that $181.28 is thus the appropriate initial multiplier. The second multiplier in the statutory formula is 66⅔%; the result obtained by multiplying $181.28 by 66⅔% is $120.85.

It appears that from this point the Commission determined its award by first multiplying the figure thus obtained ($120.85) by the partial impairment found (40%) and further multiplying the result of that calculation by the work-related portion of the impairment (30%) ($120.85 × .40 = 48.34 × .30 = $14.50). The double multiplier used at this stage of the calculation significantly over-reduced the award. The findings establish that 30% of plaintiff's impairment is work-related. She is entitled under these findings to be compensated in an amount equal to that percentage of the $120.85 figure. 30% thus should have been the sole multiplier applied to the $120.85 figure. Assuming, without deciding, that the above findings are correct, the appropriate award thus is $36.25 per week ($120.85 × .30 = $36.25).

[2]  We note further, however, the following: The Commission found as a fact that plaintiff is permanently partially disabled in the same degree as her physical impairment. The opinion and award recites parenthetically that the Commission used "AMA classifications" in reaching its findings. The reference apparently is to American Medical Association, *Guides to the Evaluation of Permanent Impairment* 67-77 (1977). The guidelines in that publication establish 50%-70% impairment as the most severe class of respiratory disease. *Id.* at 75-76. The publication's description of the symptoms indicates that a person in this classification would be totally disabled for most types of employment. *Id.* Obviously, the loss of respiratory capacity in a living compensation claimant cannot be total—as can, for instance, the loss of sight or mobility—because some percentage of respiratory capacity is essential to sustain life.

Parrish v. Burlington Industries, Inc.

It thus would seem that the percentage of impairment and the percentage of disability are not necessarily identical, indeed, that for claimants in the highest classification they are unlikely to be so. In applying G.S. 97-30 as interpreted in *Morrison*, 304 N.C. 1, 282 S.E. 2d 458, the Commission must ascertain the percentage of a claimant's inability to work that is caused by occupational disease, not merely the percentage of impairment so caused.

This case differs from *Morrison* in that *Morrison* did not address the percentage of lung impairment suffered by the claimant; the evidence was solely as to the "percentage . . . of [claimant's] disablement, that is, incapacity to earn wages" that resulted from an occupational disease. *Id.* at 7 n. 2, 282 S.E. 2d at 463 n. 2. The plaintiff in *Morrison* may have been 100% disabled for work but her lungs could not have been 100% impaired. Under the AMA guidelines, for example, it appears that a claimant with 50% lung impairment may be 100% disabled for work. If so, a claimant, like plaintiff here, with 40% lung impairment, 30% of which is work-related, would be 60% disabled for work on account of work-related causes. The proper formula for compensation under G.S. 97-30 in such case would be the difference between wages before and after the disease (181.28) multiplied by $66\frac{2}{3}$% multiplied by 60% rather than by 30% ($181.28 $\times$ $66\frac{2}{3}$ = $120.85 $\times$ .60 = $72.51).

The award is in any event improperly calculated under the findings made. It thus must be vacated and the cause remanded for entry of a properly calculated award. Upon remand the Commission should consider, in light of the foregoing, the propriety of its finding that plaintiff's physical impairment and disability are "in like degree." It may receive additional evidence for that purpose and enter new findings and conclusions as appropriate.

Vacated and remanded.

Judges JOHNSON and PHILLIPS concur.