Dean v. Cone Mills Corp.

---

JAMES A. DEAN, EMPLOYEE, PLAINTIFF v. CONE MILLS CORPORATION, EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8610IC455

(Filed 18 November 1986)

1. **Master and Servant § 94— workers' compensation—findings of fact—any competent evidence test**

In workers' compensation actions findings of fact supported by any competent evidence are conclusive and binding on appeal.

2. **Master and Servant §§ 68, 93.3— workers' compensation—doctor's testimony—contradictions on issue of causation—failure of employee to show his greater risk**

There was no merit to plaintiff's contention in a workers' compensation proceeding that a doctor's testimony was incompetent evidence because he was not the examining physician, since the doctor was a licensed physician board certified in pulmonary and internal medicine, served on the Textile Occupational Lung Disease Panel for the Industrial Commission, and testified that he reviewed plaintiff's testimony, the deposition of the examining physi-

cian, and plaintiff's medical records; however, his testimony could be considered incompetent evidence because he contradicted himself on the issue of causation, but defendant nevertheless failed to prove that he contracted an occupational disease where he failed to prove that his occupation exposed him to a greater risk of contracting the disease than members of the public generally.

**3. Master and Servant § 68— workers' compensation—occupational disease—no job site inspection—no findings on occupational aggravation**

In a workers' compensation proceeding where plaintiff alleged that he suffered from chronic obstructive pulmonary disease caused by exposure to cotton dust while employed by defendant, there was no merit to plaintiff's contention that the Industrial Commission erred in denying his motion for a job site inspection and in failing to make adequate findings on the issue of occupational aggravation.

Judge BECTON dissenting.

APPEAL by plaintiff from the order of the Industrial Commission filed 21 November 1985. Heard in the Court of Appeals 24 September 1986.

This is a workers' compensation claim based on allegations of chronic obstructive pulmonary disease caused by exposure to cotton dust while plaintiff was employed by defendant Cone Mills Corporation. Plaintiff's claim was originally heard by Deputy Commissioner Ben A. Rich on 13 July 1981 and 2 December 1981. The deputy commissioner found that plaintiff had contracted chronic obstructive pulmonary disease but denied plaintiff's claim because plaintiff failed to prove that his disease was caused or contributed to by his employment, that his employment placed him at an increased risk of contracting the disease or that he was permanently or partially disabled from employment as a result of the disease.

Plaintiff appealed to the Full Commission which affirmed the deputy commissioner's decision and adopted as its own the deputy commissioner's opinion and award. On appeal to this Court we affirmed the Full Commission's denial of plaintiff's claim. *Dean v. Cone Mills Corp.*, 67 N.C. App. 237, 313 S.E. 2d 11 (1984). Pursuant to G.S. 7A-30(2) plaintiff appealed to the Supreme Court. In a *per curiam* opinion filed 4 December 1984 the Supreme Court vacated and remanded the case to the Industrial Commission for reconsideration in light of *Rutledge v. Tultex Corp.*, 308 N.C. 85, 301 S.E. 2d 359 (1983). *Dean v. Cone Mills Corp.*, 312 N.C. 487, 322

Dean v. Cone Mills Corp.

S.E. 2d 771 (1984). On remand the Full Commission again denied plaintiff's claim and plaintiff appeals.

*Charles R. Hassell, Jr. for plaintiff-appellant.*

*Maupin, Taylor, Ellis & Adams by Richard M. Lewis and Steven M. Rudisill for defendant-appellees.*

EAGLES, Judge.

I

Plaintiff assigns error alleging that the Industrial Commission failed to follow the specific mandate of the Supreme Court to reconsider the evidence in light of *Rutledge v. Tultex Corporation.* Plaintiff contends that the Commission failed to reconsider any of the evidence in light of *Rutledge* because it simply readopted the 1981 decision of Deputy Commissioner Rich, added three findings of fact and three conclusions of law and then denied again plaintiff's claim. We disagree that the Commission failed to reconsider its decision. In the first paragraph of its second opinion and award the Commission states that it "reviewed the record in its entirety, carefully weighing the evidence in light of *Rutledge v. Tultex*, 308 N.C. 85 (1983)." This statement indicates to us that the Commission did in fact review the evidence in light of *Rutledge* as mandated by the Supreme Court. There is nothing in the record to indicate otherwise. Therefore, plaintiff's assignment is without merit and is overruled.

II

[1, 2] Plaintiff assigns error to the Commission's denial of his claim. Plaintiff contends that the Industrial Commission improperly denied his claim because there was no substantial competent evidence to support the denial. We disagree because there was competent evidence to support the denial.

Our review of the Commission's order is limited to determining (1) whether the Commission's findings of fact are supported by the evidence, and (2) whether the findings of fact justify the Commission's legal conclusions. *Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E. 2d 101 (1981). The findings of fact are conclusive on appeal if supported by competent evidence. This is so even though there is evidence which would support findings to the con-

trary. *Id.* The Workers' Compensation Act vests the Industrial Commission with full authority to find facts. The Commission is the sole judge of credibility and the weight to be given the witnesses' testimony. *Anderson v. Construction Co.*, 265 N.C. 431, 144 S.E. 2d 272 (1965). We may set aside findings of fact only on the ground that they lack evidentiary support. We cannot weigh the evidence but can only determine whether the record contains *any* competent evidence tending to support the findings. *Id.* The test is not, as plaintiff argues, whether the findings are supported by *substantial* evidence.

This case was remanded by the Supreme Court to the Industrial Commission for reconsideration in light of *Rutledge v. Tultex, supra.* In *Rutledge* the Court held that obstruction caused by chronic obstructive lung disease need not be apportioned between occupational and nonoccupational causes and that a claimant may recover for the entire disability resulting from the obstruction so long as the occupation-related cause was a significant causal factor in the disease's development. *Harrell v. Harriet & Henderson Yarns*, 314 N.C. 566, 336 S.E. 2d 47 (1985).

[C]hronic obstructive lung disease may be an occupational disease provided the occupation in question exposed the worker to a greater risk of contracting this disease than members of the public generally, and provided the worker's exposure to cotton dust significantly contributed to, or was a significant causal factor in, the disease's development. This is so even if other non-work-related factors also make significant contributions, or were significant causal factors.

*Rutledge, supra*, 308 N.C. at 101, 301 S.E. 2d at 369-70.

On remand from the Supreme Court the Full Commission found as facts that:

10. Plaintiff's employment in the weave room and cloth room of defendant-employer's mill did not place him at an increased risk of contracting chronic obstructive pulmonary disease.

11. Plaintiff's lung condition was not caused, or significantly contributed to, by his exposure to cotton dust at defendant-employer's mill and he does not, therefore, have an occupational disease.

12. Plaintiff was not permanently or partially disabled as a result of his employment with defendant-employer.

These findings are consistent with the standard set forth in *Rutledge* and are conclusive on appeal if supported by any competent evidence of record. Dr. Hayes testified that in his opinion "it was medically unlikely that Mr. Dean's occupational exposure to cotton dust contributed to his obstructive lung disease." He also testified that in his opinion claimant's occupational exposure to cotton dust "perhaps placed him at slightly increased risk of developing obstructive lung disease. However, I do not consider the type of exposure that occurred through the vast majority of his mill employment to have placed him as an individual at much higher risk of developing obstructive lung disease." This evidence, if competent, supports the Commission's findings even though there may be overwhelming evidence to the contrary. Our standard of review only requires "any evidence tending to support the findings." *Anderson v. Construction Co.*, 265 N.C. at 434, 144 S.E. 2d at 274.

Plaintiff argues that Dr. Hayes' testimony is incompetent evidence because he was a non-examining physician. Plaintiff relies on *Lackey v. Dept. of Human Resources*, 306 N.C. 231, 293 S.E. 2d 171 (1982) a case involving the denial of Medicaid disability benefits in which the Supreme Court stated that:

[I]t has been held specifically that where the non-examining physician's opinion is the only evidence supporting a denial of disability benefits and is contrary to all the medical facts as well as the opinion of the treating physician, that opinion alone cannot constitute *substantial* evidence to support a conclusion relying solely on it.

*Id.* at 240, 293 S.E. 2d at 178 (emphasis added). The standard of review in cases involving the denial of Medicaid benefits is provided for in the review provisions of the Administrative Procedures Act, G.S. 150A-51, which allows a reviewing court to reverse an agency decision if a claimant's substantial rights are prejudiced by findings that are unsupported by *substantial* evidence in view of the entire record. This standard of review is known as the "whole record" test and requires the reviewing court to take into account both the evidence justifying and contra-

dicting the agency's decision. *Lackey v. Dept. of Human Resources, supra.*

In workers' compensation actions our standard of review is much more limited in that findings of fact supported by *any competent evidence* are conclusive and binding on appeal. However, the evidence relied upon must be legally competent. *Penland v. Coal Co.*, 246 N.C. 26, 97 S.E. 2d 432 (1957). The fact that Dr. Hayes was not an examining physician does not make his testimony legally incompetent. The record reflects that Dr. Hayes is a licensed physician board certified in pulmonary and internal medicine. He serves on the Textile Occupational Lung Disease Panel for the Industrial Commission. While Dr. Hayes did not examine the plaintiff, he testified that he reviewed the plaintiff's testimony, the deposition of Dr. Kilpatrick (the examining physician) and plaintiff's medical records.

Plaintiff also argues that Dr. Hayes' testimony is incompetent evidence because he contradicts himself. Plaintiff relies on *Ballenger v. Burris Industries*, 66 N.C. App. 556, 311 S.E. 2d 881, *disc. rev. denied*, 310 N.C. 743, 315 S.E. 2d 700 (1984), where we held that an examining physician's totally contradictory testimony as to causation could not constitute any sufficient competent evidence on which to base denial of workers' compensation benefits. On the issue of whether plaintiff's cotton dust exposure caused his chronic obstructive pulmonary disease Dr. Hayes testified, in answer to a hypothetical question at the hearing, that "it was medically unlikely that Mr. Dean's occupational exposure to cotton dust contributed to his obstructive lung disease." However, in a letter dated 24 November 1981 Dr. Hayes wrote, "I do feel that his textile exposure likely contributed to or possibly aggravated his obstructive lung disease." Further, Dr. Hayes states in his letter that:

> To summarize, the magnitude of Mr. Dean's impairment is in question, but permanent. Those identified factors which likely contributed to that lung disease include his brief cigarette smoking, his cotton textile exposure, and unusual genetic susceptibility or other factors. No accurate way can be used to separate these variables. My personal opinion would be to weigh them equally as causative factors in the genesis of his lung disease.

We agree with plaintiff that Dr. Hayes does contradict himself on the issue of causation. It is unclear from reading Dr. Hayes' letter and his testimony just what his opinion is as to causation and for that reason we believe that plaintiff's argument has some merit. However, even though Dr. Hayes' testimony is contradictory on the issue of causation and could be considered incompetent evidence under *Ballenger, supra,* plaintiff has nevertheless failed to prove that he contracted an occupational disease.

In order for chronic obstructive pulmonary disease to constitute an occupational disease under *Rutledge* the plaintiff must also prove that his occupation exposed him to a greater risk of contracting the disease than members of the public generally. 308 N.C. at 101, 301 S.E. 2d at 369-70. The Industrial Commission found as fact that plaintiff failed to prove this and the Commission's finding is binding on appeal if supported by any competent evidence.

Dr. Hayes testified without contradiction that "the population of cloth room workers at large have a very, very unlikely possibility of developing obstructive lung disease from their occupational exposure." With respect to the plaintiff specifically, Dr. Hayes testified that in his opinion plaintiff's "occupational exposure to cotton dust, which included both weave and cloth room exposure, perhaps placed him at slightly increased risk of developing obstructive lung disease"; however, Dr. Hayes did not "consider the type of exposure that occurred through the vast majority of [plaintiff's] mill employment to have placed him as an individual at much higher risk of developing obstructive lung disease." In his letter Dr. Hayes wrote "I think the magnitude of risk occurring as a result of working in the cloth room must be very minute." This evidence constitutes competent evidence to support the Commission's finding that plaintiff failed to prove an increased risk of contracting obstructive lung disease. As a result the Commission's finding is conclusive and binding on appeal. Since plaintiff has failed to prove one of the crucial elements required in determining the existence of a compensable occupational disease, we must affirm the Commission's denial of benefits on the basis of *Rutledge v. Tultex Corp., supra.*

III

[3]  Plaintiff argues that the Commission also erred in denying his motion for a job site inspection and in failing to make adequate findings on the issue of occupational aggravation. These issues were determined adverse to plaintiff in *Dean v. Cone Mills Corp.*, 67 N.C. App. 237, 313 S.E. 2d 11 (1984).

For the reasons stated the Industrial Commission's opinion and award denying workers' compensation benefits is

Affirmed.

Judge WEBB concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

I neither denigrate the presumption of regularity accorded the Opinions and Awards of the North Carolina Industrial Commission (Commission), nor, on the facts of this case, favor the "whole record" test over the "any competent evidence" test. I do champion, however, a procedure that will allow effective appellate review of agency decisions. Appellate courts should not accept cavalierly an agency's bare statement that it has "reviewed the record in its entirety, carefully weighing the evidence . . . ," *ante* p. 3, because saying it is so does not make it so.

In my view, this case should be reversed and remanded to the North Carolina Industrial Commission because:

(a) The three numbered findings of fact are laced with conclusions of law — e.g., "plaintiff's employment . . . did not place him at an increased risk of contracting chronic obstructive pulmonary disease"; "plaintiff . . . does not . . . have an occupational disease"; and "plaintiff was not permanently or partially disabled as a result of his employment with defendant employer";

(b) Dr. Hayes, a non-examining physician, who was provided no information about the level of cotton dust in the areas where the plaintiff worked, gave contradictory testimony on a crucial issue in this case, *ante* p. 8 (*see Ballenger v. Bur-*

*ris Industries, Inc.,* 66 N.C. App. 556, 311 S.E. 2d 881, *disc. rev. denied,* 310 N.C. 743, 315 S.E. 2d 700 (1984) ); and

(c) The Commission did not follow the dictates of *Rutledge.*

To prove causation in this case, plaintiff had to show, under *Rutledge,* that his occupation exposed him to a greater risk of contracting the disease than members of the public generally. Even Dr. Hayes testified that plaintiff's occupational exposure placed him at a "slightly increased," although not a "much higher" risk of developing obstructive lung disease. That, in my view, is all that *Rutledge* requires.

I vote to reverse and to remand this case to the North Carolina Industrial Commission.