LEWIS R. PITMAN, Employee v. THE FELDSPAR CORPORATION, Employer AND NATIONAL UNION FIRE INSURANCE COMPANY, Carrier

No. 8710IC148

(Filed 6 October 1987)

**1. Master and Servant § 69.1— workers' compensation—total disability—inability to earn wages—sufficiency of findings**

Although the Industrial Commission failed to make a specific finding that plaintiff is unable to earn wages at other employment, the Commission's findings that plaintiff has "not been able to work" since leaving employment with defendant and that plaintiff is "totally disabled," when considered with additional findings regarding plaintiff's age, limited education, work experience, worsened physical condition and inability to exert himself, constituted minimally sufficient findings as to defendant's inability to earn wages at any job so as to support its conclusion that plaintiff is totally disabled.

Pitman v. Feldspar Corp.

2. **Master and Servant §§ 68.1, 94.1— workers' compensation—total disability— occupational and nonoccupational causes—apportionment—insufficient findings**

   The Industrial Commission erred in failing to make specific findings as to whether any portion of plaintiff's total incapacity to work was caused by conditions unrelated to employment where the evidence was conflicting as to whether plaintiff was totally disabled from silicosis or whether plaintiff also had a chronic obstructive lung disease due to smoking and asthma which contributed to his total disability. The Commission's finding that "The occupational disease silicosis makes a very significant contribution to plaintiff's total disability" was insufficient to support the conclusion that plaintiff is entitled to total disability benefits since the apportionment rule established by *Morrison v. Burlington Industries*, 304 N.C. 1, 288 S.E. 2d 458 (1981), applies to this case.

APPEAL by defendants from opinion and award of the Industrial Commission entered 28 August 1986. Heard in the Court of Appeals 3 September 1987.

*G. D. Bailey and J. Todd Bailey, for plaintiff appellee.*

*Teague, Campbell, Dennis, and Gorham, by George W. Dennis, III and Linda Stephens for defendant appellants.*

BECTON, Judge.

This action involves a claim for benefits under the Workers' Compensation Act, N.C. Gen. Stat. Chapter 97 (1985). The defendants stipulated that plaintiff, Lewis R. Pitman, contracted the occupational disease silicosis under compensable circumstances, and voluntarily paid benefits to him for 104 weeks pursuant to N.C. Gen. Stat. Sec. 97-61.5. The matter then came before the Industrial Commission for a determination of what, if any, further benefits plaintiff was entitled to receive for total or partial disability.

After hearing testimony and reviewing medical reports, Deputy Commissioner Shuford found facts and awarded plaintiff total disability benefits. Defendants appealed to the Commission which filed a decision on 28 August 1986, affirming and adopting as its own Commissioner Shuford's opinion and award. Defendants appeal. We vacate the award and remand for further findings of fact.

I

The evidence before the Commission included testimony by plaintiff, three reports of the Advisory Medical Committee, and deposition testimony and medical reports from Dr. Douglas G. Kelling, Jr.

Plaintiff was employed as a mechanic by defendant, Feldspar Corporation, for 23 years. The job involved heavy work and lifting, and exposed plaintiff to substantial amounts of silica dust.

Plaintiff stopped working in April 1982 when silicosis was diagnosed. His testimony tends to show that he has been unemployed since that time due to shortness of breath and chest pain associated with exertion such as carrying groceries or climbing steps. He stated that he does no house or yard work and that he knows no other jobs he could get and perform.

The impression of the Advisory Medical Committee in its first report dated 25 March 1982 was that the plaintiff had "silicosis, Grade II with 40% disability." That report was revised in a second report, dated 4 March 1983, to "silicosis, Grade II, with 70% disability." The Committee's third and final report, dated 2 April 1984, concluded that plaintiff had "Silicosis, Grade II, 100% disability." Each report concluded that plaintiff should have no further exposure to silica.

Plaintiff was seen by Dr. Kelling once, in December 1983. Dr. Kelling disagreed with the Medical Committee's conclusion of total disability, believing that plaintiff was capable of performing certain jobs. It was his opinion that plaintiff had silicosis, *and* an obstructive lung disease possibly due to cigarette smoking and/or asthma; that as a result, plaintiff suffered a 30 to 40 percent pulmonary impairment; and that approximately 50 percent of the overall respiratory impairment was neither caused, aggravated, nor accelerated by exposure to silica dust.

In his Opinion, Deputy Commissioner Shuford recited the stipulations of the parties and then made the following additional findings of fact:

1. Plaintiff was examined by the Advisory Medical Committee to the Industrial Commission consisting of Dr. Hillis L. Seay, Dr. O. L. Henry, Jr., and Dr. H. F. Easom on two occa-

sions, the last examination being on or about 2 April 1984. Plaintiff was also examined on 20 December 1983 by Dr. Douglas C. Kelling, Jr. The findings and opinions of such doctors have been received as evidence in this case.

2. Plaintiff was born on 6 June 1926 and has a sixth-grade education. His last job was with defendant-employer where he worked for 23 years. Plaintiff was a mechanic and engaged in repairing pumps and other heavy equipment which involved heavy lifting. Plaintiff last worked on 15 April 1982 and he has not been able to work since that time. Plaintiff's physical condition has worsened since he quit work and he is now unable to exert himself.

He feels he has "got no breath to do anything" and knows of no job that he would be able to perform. Plaintiff just sits around his home and engages in no cleaning or yard work. He does not take oxygen because he is afraid that if he would do so he would be unable to "get off" oxygen.

3. Plaintiff is totally disabled because of his pulmonary condition. The occupational disease silicosis makes a very significant contribution to plaintiff's total disability.

Based upon these findings, he then concluded as a matter of law that "Plaintiff is totally disabled by reason of his pulmonary condition and the disease silicosis from which he suffers makes a significant contribution to Plaintiff's disability," and awarded plaintiff $184.00 per week "until such time as Plaintiff has a change of condition."

## II

The scope of judicial review of decisions of the Industrial Commission is limited to a determination of (1) whether the findings of fact are supported by competent evidence, and (2) whether the findings justify the legal conclusions and the award. *E.g.*, *Barham v. Food World*, 300 N.C. 329, 266 S.E. 2d 676 (1980); *Guy v. Burlington Industries*, 74 N.C. App. 685, 329 S.E. 2d 685 (1985). Findings of fact made by the Commission are conclusive and binding on appeal when supported by any competent evidence. *Mc-Lean v. Railway Express, Inc.*, 307 N.C. 99, 296 S.E. 2d 456 (1982); *Robinson v. J. P. Stevens & Co.*, 57 N.C. App. 619, 292 S.E. 2d 144 (1982). The findings must be specific with respect to each material

fact upon which the plaintiff's right to compensation depends, *e.g.*, *Guy* at 689, 329 S.E. 2d at 688, and if they are insufficient to enable the Court to determine the rights of the parties upon the matters in controversy, the cause must be remanded to the Commission for proper findings, *e.g.*, *Moore v. J. P. Stevens & Co.*, 47 N.C. App. 744, 269 S.E. 2d 159, *disc. rev. denied*, 301 N.C. 401, 274 S.E. 2d 226 (1980).

In ascertaining the right to compensation in cases involving occupational diseases such as silicosis, the Industrial Commission must ordinarily determine 1) whether the plaintiff in fact has an occupational disease, 2) whether, and to what extent, the plaintiff is disabled within the meaning of N.C. Gen. Stat. Sec. 97-54, and 3) to what degree any such disability is caused by the occupational disease. In the case before us, because the existence of the occupational disease silicosis under compensable circumstances is undisputed, the issues are limited to the degree of disability and causation.

A

[1]    Although conceding that, due to his silicosis, plaintiff should not or cannot perform his former work, defendants contend that the Commission erred by failing to make sufficiently specific findings regarding plaintiff's present ability to perform *other* jobs to support its conclusion that plaintiff is totally disabled. Defendants further except to the findings that plaintiff "has not been able to work" since April 1982, that he is "now unable to exert himself," and that he "is totally disabled because of his pulmonary condition," contending that they are unsupported by the evidence. We disagree.

"Disablement," in silicosis cases, means "becoming actually incapacitated because of . . . silicosis to earn, in the same or any other employment, the wages which the employee was receiving at the time of his last injurious exposure to . . . silicosis," N.C. Gen. Stat. Sec. 97-54, and is equivalent to "disability" as defined by N.C. Gen. Stat. Sec. 97-2(9). *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E. 2d 374, 378 (1986). In *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E. 2d 682 (1982), the Supreme Court stated that:

> . . . [i]n order to support a conclusion of disability, the Commission must find: (1) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment, (2) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that this individual's incapacity to earn was caused by plaintiff's injury.

*Id.* at 595, 290 S.E. 2d at 683. The Court applied the same standard to an occupational disease case in *Hendrix.*

In this case, it is undisputed that plaintiff is unable to earn the same or any wages in his previous employment. Defendants apparently object to the lack of a specific finding stating that plaintiff is unable to earn wages at other employment. The Commission did, however, find that plaintiff has "not been able to work" since leaving his employment at Feldspar Corporation, and that plaintiff is "totally disabled." Although these findings should have been stated more definitively in terms of the *Hilliard* standard, we conclude that, taken together with the additional findings regarding plaintiff's age, limited education, work experience, worsened physical condition, and inability to exert himself, the findings of fact support a conclusion that plaintiff is unable to earn wages at any job, and are "minimally sufficient" to satisfy the *Hilliard* test. See *Hendrix* at 187, 345 S.E. 2d at 379. See also *Mabe v. N.C. Granite Corp.,* 15 N.C. App. 253, 189 S.E. 2d 804 (1972).

Moreover, defendants are incorrect in their assertion that *undisputed* evidence shows plaintiff capable of earning wages in other employment. Although Dr. Kelling opined that plaintiff "could perform truck driving, security work, or working in a supermarket or convenience food store, production line or sales jobs, and other jobs not including heavy lifting," that evidence was contradicted by plaintiff's own testimony regarding his age, education, shortness of breath, incapacity to work, and the effect that physical exertion has upon him, all of which is competent evidence. *See Singleton v. D.T. Vance Mica Co.,* 235 N.C. 315, 69 S.E. 2d 707 (1952). Furthermore, the Advisory Medical Committee's final "impression" of "Silicosis, Grade II, 100% disability" was clearly a fulfillment of the statutory requirement that its written

report include the Committee's opinion, expressed in percentages, of the impairment of the employee's ability to perform labor or earn wages in the same or any other employment, *see* N.C. Gen. Stat. Secs. 97-61.1 and 97-61.4, and, therefore, could be properly interpreted by the Commission as a conclusion that plaintiff is unable to earn wages in any type of employment. We conclude the findings are supported by competent evidence, and consequently, the Commission did not err in concluding that plaintiff is totally disabled.

B

[2] Defendants next contend that only a portion of plaintiff's disability is compensable and that the Commission erred by failing to make specific findings regarding whether any portion of plaintiff's total incapacity to work was caused by conditions unrelated to employment. We agree, and therefore, we remand the case for further findings.

The testimony and report of Dr. Kelling tended to show that the plaintiff had, *in addition* to silicosis, a chronic obstructive lung disease which was, in his opinion, due to smoking and possibly to asthma. He also stated that a significant portion of plaintiff's total respiratory impairment (50%) was unrelated to the silicosis. On the other hand, plaintiff testified to a negligible smoking history, and none of the Advisory Medical Committee reports indicated the existence of a second pulmonary ailment. Rather, the Medical Committee's final impression of "Silicosis, Grade II, 100% disability" suggests that plaintiff was completely incapacitated for work by reason of silicosis.

Defendants plainly raised in this proceeding the issue whether plaintiff's disability was wholly caused by his occupational disease. They correctly contend that it was the duty of the Industrial Commission to weigh and evaluate the evidence on that question and to make findings resolving any conflicts. The sole finding of fact with respect to the cause of plaintiff's incapacity for work, by which the Commission apparently believed it had adequately resolved that issue, states: "The occupational disease silicosis makes a very significant contribution to plaintiff's total disability." Based on that finding, and citing *Rutledge v. Tultex Corp.*, 308 N.C. 85, 301 S.E. 2d 359 (1983), the Commission concluded that plaintiff was entitled to total disability benefits. In our

opinion, the Commission misapplied *Rutledge*, utilized an inappropriate legal standard for causation, and consequently, failed to resolve crucial issues of fact affecting plaintiff's right to compensation.

The issue in *Rutledge*, simply stated, was whether a single disabling disease, chronic obstructive lung disease, which is caused in part by conditions of employment but also caused in part by non-work-related factors, could properly be considered an occupational disease. The court resolved the causation question by concluding that the disease may be considered an occupational disease if the worker's occupational exposure to cotton dust "significantly contributed to, or was a significant causal factor in, the disease's development." *Id.* at 101, 301 S.E. 2d at 369-70.

In the case *sub judice*, the parties having stipulated that plaintiff has an occupational disease, the causation issue is whether that disease is solely responsible for Plaintiff's incapacity to earn wages. In *Morrison v. Burlington Industries*, 304 N.C. 1, 282 S.E. 2d 458 (1981), the Supreme Court stated the rule that "[w]hen a claimant becomes incapacitated for work and part of that incapacity is caused, accelerated or aggravated by an occupational disease and the remainder of that incapacity for work is not caused, accelerated, or aggravated by an occupational disease, the Workers' Compensation Act of North Carolina requires compensation only for that portion of the disability caused, accelerated, or aggravated by the occupational disease." *Id.* at 18, 282 S.E. 2d at 470. *See also Hansel v. Sherman Textiles*, 304 N.C. 44, 54-55, 283 S.E. 2d 101, 107 (1981).

We are aware that, as plaintiff points out in his brief, there is some authority for the proposition that *Rutledge* implicitly overruled the result in *Morrison*, and its progeny, at least in cases involving byssinosis as a component of chronic obstructive lung disease. *See Rutledge* at 109, 301 S.E. 2d at 374 (J. Meyer, dissenting); Note, *Workers' Compensation—Rutledge v. Tultex Corp./King's Yarn: Leaving Precedent in the Dust?* 62 N.C.L. Rev. 573 (1984); Note, *Workers' Compensation—Dual Causation of Occupational Disease—Rutledge v. Tultex Corp.*, 19 W.F.L. Rev. 1137, 1154 (1983). However, the Supreme Court in *Rutledge* distinguished, rather than overruled its decisions in *Morrison* and *Hansel*, and this court has continued to recognize the validity of

the *Morrison* rule in post-*Rutledge* cases. *See e.g. Parrish v. Burlington Industries, Inc.,* 71 N.C. App. 196, 321 S.E. 2d 492 (1984). Moreover, in the recent case of *Weaver v. Swedish Imports Maintenance, Inc.,* 319 N.C. 243, 54 S.E. 2d 477 (1987), the Supreme Court held that an employee whose total disability was due in part to a compensable heart attack and in part to other non-work-related infirmities or injuries was entitled to an award for total disability under N.C. Gen. Stat. Sec. 97-29, but that "the award *must be apportioned* to reflect the extent to which claimant's permanent total disability was caused by the compensable heart attack." *Id.* at 253-54, 354 S.E. 2d at 484 (emphasis added).

We find no persuasive authority in support of plaintiff's contention that the apportionment rule established by *Morrison* is inapplicable to a silicosis case in which there is some evidence of the existence of a non-work-related disease or condition which *independently* contributes to the employee's incapacity to earn wages. Thus, we conclude that the *Morrison* rule of causation controls this case, and we must remand for specific findings as to what extent plaintiff's silicosis caused his incapacity for work.

On remand, the Commission, as the sole judge of the credibility of witnesses and the weight to be given to their testimony, may, of course, properly refuse to believe particular evidence. *Harrell v. J. P. Stevens & Co.,* 45 N.C. App. 197, 205, 262 S.E. 2d 830, 835, *disc. rev. denied,* 300 N.C. 196, 269 S.E. 2d 617 (1980). It may accept or reject all or part of the testimony of Dr. Kelling or any other witness, and need not accept even uncontradicted testimony. *See id.; Morgan v. Thomasville Furniture Industries, Inc.,* 2 N.C. App. 126, 127-28, 162 S.E. 2d 619, 620 (1968). However, having concluded that plaintiff is totally disabled because of his pulmonary impairment, the Commission must, on remand, determine 1) whether, in fact, plaintiff has a second disease in addition to silicosis which contributed to his respiratory impairment and, thus, to his complete incapacity for work, 2) whether such disease, if any, is also an occupational disease, and 3) if not, what portion of plaintiff's total disability has been caused, accelerated, or aggravated by the occupational disease silicosis. The Commission should make specific findings with regard to these issues, hearing additional medical testimony, if necessary, and award plaintiff total or partial benefits according to whether it finds part or all

of the disability to have been caused, accelerated, or aggravated by an occupational disease.

## III

The Commission's conclusion that plaintiff is totally disabled is supported by sufficient findings of fact which are, in turn, supported by competent evidence. However, for the reasons stated, the award is vacated and the cause is remanded to the Industrial Commission to make more definitive findings and conclusions regarding the causal link between plaintiff's occupational disease and his total disability, and to enter the appropriate order.

Vacated and remanded.

Judges JOHNSON and PARKER concur.