DAN PRICE, PLAINTIFF-EMPLOYEE v. BROYHILL FURNITURE, EMPLOYER, AND ARGONAUT INSURANCE CO., CARRIER, DEFENDANTS

No. 8710IC1153

(Filed 17 May 1988)

**Master and Servant § 56— workers' compensation—loss of hearing—causation— expert witness not contradicted by self**

There was no merit to plaintiff's contention that there was no competent evidence to support the Industrial Commission's finding that his loss of hearing was not caused by exposure to harmful noise in his employment where a medical expert, based on his examination of plaintiff, stated his opinion that plaintiff's hearing loss was more likely the result of a hereditary hearing problem, and the expert did not contradict himself by his responses to hypothetical questions on cross-examination where those questions assumed 35 to 40 years' exposure to a noise level of 90 decibels, while the record showed that plaintiff worked for 20 years in an environment where there was an undetermined level of noise.

APPEAL by plaintiff from Opinion and Award of the Industrial Commission entered 29 June 1987. Heard in the Court of Appeals 7 April 1988.

Plaintiff filed a claim seeking workers' compensation benefits for loss of hearing pursuant to G.S. 97-53(28). After a hearing, Deputy Commissioner John Charles Rush entered an Opinion and Award denying plaintiff's claim. The Deputy Commissioner found that plaintiff had a permanent loss of hearing but that it was not caused by exposure to noise in plaintiff's employment. On appeal to the full Industrial Commission, the Commission affirmed the denial of plaintiff's claim and adopted the Deputy Commissioner's Opinion and Award as its own. Plaintiff appeals.

*Michaels and Jones Law Offices, P.A., by John Alan Jones and Gregory M. Martin, for plaintiff-appellant.*

*Young, Moore, Henderson and Alvis, P.A., by B. T. Henderson, II, David M. Duke, and Theodore S. Danchi, for defendant-appellees.*

PARKER, Judge.

The sole issue presented on this appeal is whether the Industrial Commission erred in denying plaintiff's claim on the grounds that his hearing loss was not caused by exposure to harmful noise in his employment. In order to obtain an award of workers' compensation for loss of hearing under G.S. 97-53(28), plaintiff must prove that he suffered a loss of hearing in both ears which was caused by harmful noise in his work environment. *McCuiston v. Addressograph-Multigraph Corp.*, 308 N.C. 665, 667, 303 S.E. 2d 795, 797 (1983). The Commission found as a fact that "[t]he plaintiff has a permanent sensorineural loss of hearing in both ears, but is [sic] was not caused by prolonged exposure to harmful noise in his employment."

The Commission's findings of fact are conclusive on appeal when supported by competent evidence even if the evidence could support a contrary finding of fact. *Morrison v. Burlington Industries*, 304 N.C. 1, 6, 282 S.E. 2d 458, 463 (1981). Plaintiff contends that there is no competent evidence to support the Commission's finding that his loss of hearing was not caused by exposure to harmful noise in his employment.

The record shows that plaintiff was born in 1908 and was first employed by defendant Broyhill Furniture in 1928. Plaintiff started work in the finishing room, where there was not much noise. In 1942, plaintiff moved to the machine room where he operated a boring machine. Plaintiff testified that the boring machine and other machines in the room made considerable noise. Plaintiff was not continuously employed by Broyhill, but often worked for other furniture manufacturers. Plaintiff retired from Broyhill in 1973.

Plaintiff first began having hearing problems in his early sixties, and his hearing gradually became worse. After he retired, plaintiff saw doctors for his hearing problem and purchased several hearing aids. Plaintiff filed his workers' compensation claim in 1983. At the request of the defendant insurance carrier, plaintiff was examined by Dr. James L. Darsie, a specialist in ear, nose and throat. Based on his examination of plaintiff, Dr. Darsie concluded that plaintiff's hearing loss was not caused by noise exposure but was more likely the result of a hereditary hearing problem.

Plaintiff presented testimony of another ear, nose and throat specialist, Dr. Patrick Kenan. Dr. Kenan did not personally examine plaintiff but based his testimony upon the results of Dr. Darsie's examination. Dr. Kenan concluded that plaintiff's hearing loss was caused by exposure to noise in his employment. Dr. Kenan also disagreed with certain specific aspects of Dr. Darsie's diagnosis.

Conflicts in the expert testimony do not warrant reversal of the Commission's findings. The Commission is the sole judge of the credibility of the witnesses and it could properly accept Dr. Darsie's opinion and reject the opinion of Dr. Kenan. *See Pitman v. Feldspar Corp.*, 87 N.C. App. 208, 216, 360 S.E. 2d 696, 700 (1987), *disc. rev. denied*, 321 N.C. 474, 364 S.E. 2d 924 (1988). Unless Dr. Darsie's opinion is not competent evidence on the issue of causation, the Commission's finding that plaintiff's hearing loss was not caused by work-related noise cannot be disturbed. *See Morrison v. Burlington Industries, supra.*

Plaintiff contends that Dr. Darsie's testimony was not competent because it was contradictory on the issue of causation. Totally contradictory testimony as to causation is not competent

evidence to support the denial of workers' compensation benefits. *Dean v. Cone Mills Corp.*, 83 N.C. App. 273, 278-79, 350 S.E. 2d 99, 102 (1986), *aff'd per curiam*, 319 N.C. 457, 355 S.E. 2d 136 (1987); *Ballenger v. Burris Industries*, 66 N.C. App. 556, 567-68, 311 S.E. 2d 881, 888, *disc. rev. denied*, 310 N.C. 743, 315 S.E. 2d 700 (1984). We are of the opinion, however, that Dr. Darsie's testimony is not contradictory and, therefore, the Commission's findings are supported by competent evidence.

On direct examination, Dr. Darsie testified that the results of his examination of plaintiff indicated that plaintiff's hearing loss was caused by hereditary factors rather than exposure to harmful noise. Plaintiff contends that Dr. Darsie contradicted his opinion on cross-examination. Plaintiff's argument is based on Dr. Darsie's answers to hypothetical questions. In the hypotheticals, Dr. Darsie was asked to assume that plaintiff had worked for thirty-five to forty years in an environment that exposed him to a noise level of ninety decibels. Under these assumed facts, Dr. Darsie responded that noise exposure "could contribute" to or was a "significant contributing factor" to plaintiff's hearing loss.

Dr. Darsie's responses to the hypothetical questions do not contradict his earlier opinion because the facts assumed in the hypothetical were not established by the evidence presented at the hearing. The record shows that plaintiff worked in the machine room at Broyhill from 1942 until he retired in 1973. During that time, however, plaintiff also worked for several other furniture manufacturers, and plaintiff did almost no work for Broyhill during the years 1953 through 1962. There is no evidence in the record concerning the noise levels at plaintiff's other places of employment.

Furthermore, the evidence presented at the hearing did not establish that there was a noise level of ninety decibels in the Broyhill machine room. Because the plant where plaintiff worked has been destroyed, no measurements of the actual noise level could be made. Sound level tests conducted near machines similar to the one operated by plaintiff showed levels of less than ninety decibels. Dr. Kenan testified that, in his opinion, the noise levels where plaintiff worked were over ninety decibels. Since Dr. Kenan was tendered only as a medical expert, however, the credibility of this opinion is questionable and the Commission was free to

disbelieve it. *Pitman v. Feldspar Corp., supra.* The only other evidence concerning the noise level in plaintiff's workplace is the testimony of plaintiff and his wife that it was very loud.

Plaintiff's contention that defendants had the burden to prove that the noise level was under ninety decibels is without merit. Such a burden exists only when the defendant seeks to establish an affirmative defense under G.S. 97-53(28)(a). *McCuiston v. Addressograph-Multigraph Corp., supra.* The initial burden to prove causation is on the plaintiff. *Id.*

Thus, the record in this case conclusively establishes only that plaintiff worked for approximately twenty years in an environment where there was an undetermined level of noise. Therefore, Dr. Darsie's responses to questions which assumed thirty-five to forty years' exposure to a noise level of ninety decibels do not directly contradict his initial opinion. We note that Dr. Darsie's opinion was primarily based upon the results of tests he conducted during his examination of plaintiff. In contrast, the hypothetical questions emphasize plaintiff's work history. An expert medical opinion on causation is not rendered incompetent merely because the witness admits on cross-examination that other possible causes exist. *Buck v. Procter & Gamble Co.,* 52 N.C. App. 88, 94-95, 278 S.E. 2d 268, 272 (1981). Dr. Darsie never contradicted his opinion that plaintiff's test results indicated that his hearing loss was most probably caused by hereditary factors.

For the foregoing reasons, we hold that there was competent evidence to support the Commission's findings and we affirm the Opinion and Award of the Commission.

Affirmed.

Judges WELLS and ORR concur.