HERMAN A. WILKINS, EMPLOYEE, PLAINTIFF v. J. P. STEVENS & COMPANY, EMPLOYER; LIBERTY MUTUAL INSURANCE COMPANY, CARRIER; AND/OR BURLINGTON INDUSTRIES, EMPLOYER; AMERICAN MOTORISTS IN-SURANCE COMPANY, CARRIER; DEFENDANTS

No. 9010IC79

(Filed 4 December 1990)

**Master and Servant § 94 (NCI3d) — chronic obstructive lung dis-ease — cotton dust exposure — separate finding on aggravation not required**

An opinion and award of the Industrial Commission find-ing that plaintiff's occupational exposure to cotton dust was not a significant contributing factor in the development of his lung disease was affirmed despite the Commission's failure to make a separate finding regarding aggravation of the plain-tiff's disease. When the Industrial Commission determines that plaintiff's exposure to cotton dust did not significantly con-tribute to his disease, it is tantamount to a finding that his disease was not aggravated by his exposure to cotton dust and it is not necessary for the Commission to make two separate findings.

**Am Jur 2d, Workmen's Compensation §§ 303, 333.**

Judge DUNCAN concurred in this opinion prior to 29 November 1990.

APPEAL by plaintiff from the Opinion and Award of the North Carolina Industrial Commission filed 21 September 1989. Heard in the Court of Appeals 29 August 1990.

*Taft, Taft & Haigler, by Robin E. Hudson, for plaintiff appellant.*

*Smith Helms Mulliss & Moore, by Jeri L. Whitfield, for Bur-lington Industries and American Motorists Insurance Company, defendant appellees.*

COZORT, Judge.

Plaintiff filed a claim with the North Carolina Industrial Com-mission alleging he had an occupational lung disease resulting from cotton dust exposure in the textile industry. After a hearing, the Deputy Commissioner found that plaintiff's "occupational exposure

WILKINS v. J. P. STEVENS & CO.

[100 N.C. App. 742 (1990)]

to cotton dust during his employment with defendants was not a significant contributing factor in the development of his lung disease." On appeal to the Full Commission, the Full Commission adopted the Opinion and Award of the Hearing Commissioner and added the following: "When the record is read as a whole, the conclusion is inescapable that plaintiff's problems were neither caused nor significantly contributed to by his occupation." On appeal to this Court, plaintiff contends the Commission erred by failing to determine whether plaintiff's exposure to cotton dust "aggravated" his lung disease, in addition to finding whether the exposure caused or significantly contributed to plaintiff's disease. We hold that the Commission is not required to make a separate finding regarding "aggravation" of the plaintiff's disease, and we affirm.

Plaintiff worked for Burlington Industries from 28 December 1955 to 22 March 1986 and for J. P. Stevens from 23 March 1986 to 29 May 1986. (In an Order by the Commission not contested by plaintiff, J. P. Stevens and its insurance carrier were dismissed from the case.) Plaintiff did not work after 29 May 1986, because the mill in which he worked closed and his job was phased out. Plaintiff worked in the textile mill at a variety of jobs, some of which exposed him to cotton dust. Plaintiff also smoked about a pack of cigarettes a day for 27 years.

Beginning in 1971, plaintiff was given a yearly respiratory questionnaire. The questionnaire focused on symptoms typical of lung disease: coughing, tightness in the chest, and tobacco smoking. In 1975, plaintiff complained of having a morning cough and coughing up phlegm when he had a cold. In other years, plaintiff answered that he did not experience a morning cough or cough up phlegm. In his answers to the 1972, 1974, and 1975 respiratory questionnaires, plaintiff reported an occasional tightness in his chest. On all the questionnaires, plaintiff revealed that he had smoked about 20 cigarettes a day. At his hearing before the Industrial Commission, plaintiff testified that he had untruthfully answered some of the health questions on the questionnaires.

In her Opinion and Award denying compensation, Deputy Commissioner Morgan Chapman made the following crucial findings of fact:

5. Plaintiff alleges that he began having breathing problems in 1965 with chest congestion developing by 1967 and then Monday morning symptoms. Although he has clearly

developed breathing problems, his testimony regarding the onset of his problems was not altogether credible, especially in view of the medical reports stipulated into evidence. He apparently first noted shortness of breath with exertion approximately 11 to 16 years ago. His condition has worsened since then, and, when he was evaluated by Dr. Saltzman in October 1987, he was found to have chronic obstructive pulmonary disease of moderate degree.

6. Besides his obstructive lung disease, plaintiff has also had problems with diabetes and back problems. He has had to take insulin for many years and still has had some difficulty keeping his diabetes under control. He has also experienced some occasional disability due to his back condition.

7. Plaintiff has contracted chronic obstructive pulmonary disease which is a general term for conditions such as emphysema, asthma and chronic bronchitis in which the flow of air into and out of the body is impeded so that the individual must work hard to breathe. He was placed at an increased risk of developing this condition by reason of his occupational exposure to cotton dust as compared to the general public not so employed. However, his occupational exposure to cotton dust during his employment with defendants was not a significant contributing factor in the development of his lung disease.

8. Plaintiff's chronic obstructive pulmonary disease is not an occupational disease which is due to causes and conditions characteristic of and peculiar to his employment in the cotton textile industry and which is not an ordinary disease of life to which the general public is equally exposed.

On appeal to this Court, plaintiff contends that it was error for the Commission to base its decision on findings relating only to whether the exposure to cotton dust was a causative factor in the plaintiff's disease without making a finding of whether plaintiff's exposure to the cotton dust was an aggravating factor in the development of his disease. In making this argument, plaintiff relies principally on *Walston v. Burlington Industries*, 304 N.C. 670, 285 S.E.2d 822, *amended*, 305 N.C. 296, 285 S.E.2d 822 (1982). Plaintiff's argument focuses on the following statement made by the Supreme Court:

WILKINS v. J. P. STEVENS & CO.

[100 N.C. App. 742 (1990)]

Disability caused by and resulting from a disease is compensable when, and only when, the disease is an occupational disease, or is aggravated or accelerated by causes and conditions characteristic of and peculiar to claimant's employment.

*Id.* at 297, 285 S.E.2d at 828.

Plaintiff argues essentially that whether the cotton dust was an "aggravating factor" is an additional inquiry which the Commission should make. We disagree. We do not read *Walston* to stand for the proposition that there is a difference between (1) a plaintiff's exposure to cotton dust "significantly contributing to" his condition; and (2) plaintiff's condition being "aggravated" by his exposure to cotton dust. Rather, we find the terms to be interchangeable. *See Morrison v. Burlington Industries*, 304 N.C. 1, 18, 282 S.E.2d 458, 470 (1981); *Walston*, 304 N.C. at 680, 285 S.E.2d at 828; and *Pitman v. Feldspar Corp.*, 87 N.C. App. 208, 216, 360 S.E.2d 696, 700 (1987). Thus, when the Industrial Commission has determined that plaintiff's exposure to cotton dust did not significantly contribute to his disease, it is tantamount to a finding that his disease was not aggravated by his exposure to cotton dust. It is not necessary for the Commission to make two separate findings.

The plaintiff's assignment of error is without merit, and the Opinion and Award of the Industrial Commission is

Affirmed.

Judges ORR and DUNCAN concur.

Judge DUNCAN concurred in this opinion prior to 29 November 1990.