* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Rowell with modifications.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter.
2. All parties are subject to and bound by the North Carolina Workers' Compensation Act.
3. All parties have been properly designated, and there is no question as to joinder or non-joinder of parties.
4. The plaintiff sustained a compensable injury by accident to both knees on October 26, 1999.
5. The defendant accepted the plaintiff's claim as compensable via a Form 60.
6. The plaintiff's average weekly wage yields the maximum compensation rate of $560.00 for the year 1999.
7. An employment relationship existed between the plaintiff and the defendant-employer on October 26, 1999.
9. Dr. Dixon Gerber has been the plaintiff's authorized treating physician since at least November 4, 1999. The defendant has authorized and paid for all medical items and services recommended and provided by Dr. Gerber through the date of hearing before the Deputy Commissioner.
10. The parties stipulate that the plaintiff is no longer employable in suitable employment as it is defined by the North Carolina Workers' Compensation Act.
11. In this matter, the Defendant is litigating the issue of whether the plaintiff is permanently and totally disabled as defined by N.C. Gen. Stat. § 97-29. *Page 3 
12. In this matter, the plaintiff is defending against the defendant's issue and litigating the issues of: (1) whether the plaintiff is at maximum medical improvement for all injury-related medical conditions; and (2) if the plaintiff is not at maximum medical improvement for all injury-related conditions, whether attorneys' fees and costs are appropriate under N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On October 26, 1999, the plaintiff was sixty-four years old, had a high school education, and was employed by the defendant-employer as a salesman. On that date, the plaintiff suffered a compensable injury to his right knee while moving some boxes at work. The defendant accepted the claim as compensable.
2. This claim has involved prior litigation through the Commission and the North Carolina Court of Appeals. However, the defendant requested the most recent hearing in this matter in an attempt to show that the plaintiff is permanently and totally disabled. The plaintiff was nearly seventy-one years old at the time of the most recent hearing before the Deputy Commissioner.
3. On November 4, 1999, the plaintiff received treatment from Dr. Dixon Gerber, M.D., an orthopedic surgeon who treated the plaintiff conservatively until an MRI revealed a meniscal injury. On January 17, 2000, Dr. Gerber performed arthroscopic surgery to repair the torn meniscus in the right knee. *Page 4 
4. The plaintiff was out of work from January 17, 2000, through March 15, 2000. On that date, the plaintiff returned to work but continued to have problems with his right knee. However, the plaintiff continued to work up until his job with the defendant-employer was terminated at the end of February 2001.
5. Due to continuing problems with his right knee, the plaintiff underwent a total knee replacement on June 18, 2001. The defendant paid for this surgery. However, the plaintiff experienced several complications from the surgery, including deep vein thrombosis (DVT), pulmonary embolism (blood clots in his right leg and lungs), and edema. The plaintiff's preexisting diabetes likely contributed to these conditions and placed him, along with the knee surgeries, at an increased risk of developing them.
6. The DVT affected the vascular structure of the plaintiff's right leg and caused swelling and discomfort in the leg. The plaintiff relied more heavily on his left leg or "good" leg as a consequence.
7. The plaintiff began having problems with his left leg including pain and problems walking. Prior to the plaintiff's compensable injury on October 26, 1999, to his right leg, the plaintiff had some arthritis in both legs. He also had a previous left-knee injury in Texas approximately thirteen years prior. However, the arthritis and the prior injury did not prevent the plaintiff from performing his full duties. The arthritis in the plaintiff's left leg is presently so bad that he walks with a walker and needs a total knee replacement in the left knee as well.
8. In the prior litigation in this claim, the defendant contested the causal relationship between the plaintiff's compensable right leg injury and his left leg condition. However, the Full Commission decided this issue in the plaintiff's favor. In the present appeal, the defendant *Page 5 
conceded the compensability of the plaintiff's medical problems in both legs, including the left leg.
9. The plaintiff's average weekly wage is $859.62, which yields the maximum compensation rate of $560.00 for 1999, the year of the plaintiff's injury.
10. The Full Commission finds that the plaintiff has been totally disabled since the right knee replacement surgery performed on June 18, 2001, and remains unable to work through the present time and continuing.
11. The plaintiff has not yet had the total knee replacement to his left knee. The plaintiff will need rehabilitation and follow-up care after the surgery if he decides to have the total left knee replacement.
12. The goal of the total knee replacement surgeries is to improve the level of the plaintiff's mobility and functioning and to decrease the level of his pain.
13. The Full Commission finds that although the plaintiff has reached maximum medical improvement with respect to his right knee injury and his DVT, the plaintiff has not reached maximum medical improvement with respect to his left knee condition. The plaintiff is still in need of medical treatment for all of these conditions, including but not limited to a total knee replacement to the left knee, and he is not expected to reach maximum medical improvement until after he receives this treatment.
14. Carlos Encinas, PhD, CRC, a vocational counselor, performed a vocational assessment of the plaintiff and performed a labor market survey in August 2005. Based on his evaluation of the plaintiff's medical limitations, age, education, vocational background, and presentation, Mr. Encinas reported, and the Full Commission finds as fact, that the plaintiff "does *Page 6 
not appear to be a feasible candidate for participation in the return to work process" and that employment suitable to his capacity did not exist in the labor market.
15. Dr. Gerber was of the opinion, and the Full Commission finds as fact, that the plaintiff was not at maximum medical improvement for all of his injury-related impairments, specifically the left knee. Dr. Gerber speculated that the plaintiff would not reach maximum medical improvement for approximately one year or so following the total left knee replacement, if and when the plaintiff decides to have that surgery and after he receives rehabilitative treatment and medical monitoring following the surgery.
16. In its previous Opinion and Award, the Full Commission determined that the plaintiff had not reached maximum medical improvement at that time and was in need of further treatment to both legs, including the total left knee replacement surgery. The evidence regarding the plaintiff's surgical and other medical needs has not changed since the Full Commission's prior Opinion and Award.
17. Since the plaintiff is not at maximum medical improvement, the Full Commission finds that the defendant's request for the Commission to declare the plaintiff to be permanently disabled is premature. There is no evidence suggesting that the plaintiff has ever reached maximum medical improvement for all of his injury-related conditions, and in particular his left knee. Since nothing has changed in this regard since the Full Commission's Opinion and Award on July 13, 2004, the present hearing was unnecessary and did not involve an issue that was ripe for adjudication.
18. The Full Commission finds that the defendant did not have reasonable grounds for prosecuting this claim. One apparent reason why the defendant would ask the Commission to declare the plaintiff to be permanently and totally disabled is to expedite the running of the *Page 7 
limitations period in N.C. Gen. Stat. § 97-38 with a "final determination" of the plaintiff's disability in order to deprive the plaintiff's dependents of compensation under that statute, if any such compensation later becomes due outside of the limitations period. The Full Commission finds that the defendant did not present sufficient facts for a declaration of permanent and total disability before the Commission in this case.
19. Based upon a review of the evidence in its entirety, the Full Commission finds that the defendant brought and prosecuted this claim to hearing without reasonable grounds, and that such actions by the defendant amount to stubborn, unfounded litigiousness.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The plaintiff sustained a compensable injury arising out of and in the course of his employment on October 26, 1999. N.C. Gen. Stat. §97-2(6).
2. The plaintiff has been totally disabled since June 18, 2001, and continues to be totally disabled until he returns to work or until further order of the Commission. N.C. Gen. Stat. §§ 97-2(9) 97-29;Taylor v. Margaret R. Pardee Mem'l Hosp., 83 N.C. App. 385, 389,350 S.E.2d 148, 151 (1986).
3. The plaintiff is not at maximum medical improvement for all injury-related conditions. Hill v. Hanes Corp., 319 N.C. 167,353 S.E.2d 392 (1987).
4. The date of maximum medical improvement marks the end of the healing period under N.C. Gen. Stat. § 97-31, and marks the first date on which the plaintiff's disability can become permanent; thus, the plaintiff is not permanently disabled for purposes of the Workers' *Page 8 
Compensation Act. N.C. Gen. Stat. § 97-31; Moretz v. Richards Assoc.,Inc., 316 N.C. 539, 542, 342 S.E.2d 844, 847 (1986), and Anderson v.Gullistan Carpets, Inc., 144 N.C. App. 661, 671, 550 S.E.2d 237, 244
(2001).
5. The plaintiff is still within the healing period of N.C. Gen. Stat. § 97-31 and, according to the plain language of that statute, temporary total disability compensation "shall" be paid until the end of the healing period. After the end of the healing period, and only after such time, the plaintiff may elect the more favorable remedy between ongoing wage-loss compensation and presumptive permanent partial disability.Whitley v. Columbia Lumber Manufacturing Co., 318 N.C. 89,348 S.E.2d 336 (1986); Knight v. Wal-Mart Stores, Inc., 149 N.C. App. 1,14-15, 562 S.E.2d 434, 443-444 (2002), aff'd, 357 N.C. 44, 577 S.E.2d 620
(2003).
6. The plaintiff is in need of future medical compensation related to his injuries. N.C. Gen. Stat. §§ 97-2(19) 97-25.
7. N.C. Gen. Stat. § 97-88 authorized the Commission to order the defendant to pay the costs, including reasonable attorney's fees, of any appellate litigation by an insurance carrier when: (1) the carrier brings the appeal; and (2) the Commission or the appellate court "orders the carrier to make or continue to make payments of benefits or medical expenses." N.C. Gen. Stat. § 97-88; Matthews v. Petroleum TankServ., 108 N.C. App. 259, 267, 423 S.E.2d 532, 537 (1992). Because the insurance carrier brought this appeal, and because the Commission has affirmed the Deputy Commissioner's award of compensation to the plaintiff, the Full Commission, in its discretion, concludes it is proper to award to the plaintiff's counsel a reasonable attorney's fees in the amount of $5,000.00 pursuant to N.C. Gen. Stat. § 97-88 for the costs and fees incurred by the plaintiff for defending this appeal before the Full Commission. N.C. Gen. Stat. § 97.88. *Page 9 
8. The Full Commission concludes that the defendant did not have reasonable grounds for bringing this claim to a hearing without the factual basis to support its legal theory of the case. N.C. Gen. Stat. § 97-88.1. In review of the record in this matter, and in light of the August 31, 2006 written statement of costs and fees provided by the plaintiff's counsel, the Full Commission, in its discretion, concludes it is proper to award to the plaintiff's counsel a reasonable attorney's fees in the amount of $10,000.00 pursuant to N.C. Gen. Stat. § 97-88.1
for the costs and fees incurred by the plaintiff for defending this claim before the Deputy Commissioner. N.C. Gen. Stat. § 97.88.1.
 * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The defendant shall continue to pay temporary total disability compensation to the plaintiff at the weekly rate of $560.00 until further order of the Commission, subject to the attorney fee provided herein.
2. The defendant shall continue to authorize and provide medical compensation to the plaintiff that is reasonably related to his injuries.
3. The defendant shall continue to pay to the plaintiff's counsel a reasonable attorney's fee in the amount of twenty-five percent of the continuing compensation due to the plaintiff. The defendant shall pay these fees directly to the plaintiff's counsel in the form of every fourth check or its equivalent.
4. The defendant shall pay to the plaintiff's counsel a reasonable attorney's fees in the amount of $5,000.00 pursuant to N.C. Gen. Stat. § 97-88 for the costs and fees incurred by the *Page 10 
plaintiff for defending this appeal before the Full Commission. This amount is taxed as a cost to the defendant and shall not be deducted from any compensation due the plaintiff or any other fees due the plaintiff's counsel as provided herein.
5. The defendant shall pay to the plaintiff's counsel a reasonable attorney's fees in the amount of $10,000.00 pursuant to N.C. Gen. Stat. § 97-88.1 for the costs and fees incurred by the plaintiff for defending this claim before the Deputy Commissioner. This amount is taxed as a cost to the defendant and shall not be deducted from any compensation due the plaintiff or any other fees due the plaintiff's counsel as provided herein.
6. The defendant shall pay the costs.
This 9th day of July 2007.
S/___________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________________ DANNY LEE McDONALD COMMISSIONER
 S/___________________________ DIANNE C. SELLERS COMMISSIONER